Coos,       }
May 1, 1906. }

## YOUNG *v.* MILAN.

Evidence that notice of a highway hearing was served upon the husband of an interested landowner in her presence, and that she examined the paper, fully understood its meaning, expressed satisfaction with the object of the proceeding, and remained silent until the road was laid out over her premises, is competent to show a waiver of her right to a formal notice.

PETITION, for a writ of *certiorari.* Writ denied. Transferred from the September term, 1905, of the superior court by *Pike,* J.

In 1904, the selectmen of the defendant town, upon petition, laid out a highway across the plaintiff's land. The plaintiff was not present at the hearing before the selectmen. No written notice of the hearing addressed to her was served upon her, but such a notice addressed to her husband, with whom she lived upon the premises, was served upon him. Subject to the plaintiff's exception, the defendants offered evidence showing that at the request of the husband the land in question had been taxed to him by the selectmen, who supposed he was the owner; that the petition and the notice of the highway hearing was served upon him in the presence of the plaintiff, to whom it was immediately handed, and that she unfolded and read it; that in the petition it appeared that the proposed highway was to pass over her land; and that she said to the person serving the notice that she wanted the road laid out and also her damages therefor. Subsequently the road was laid out and damages were awarded to the landowners, including the plaintiff's husband, but none to her. Some weeks later this petition was filed. From the plaintiff's failure to disclose her ownership of the land, together with her remarks and conduct, the court found that she waived her right to a more formal notice than she received.

*Goss & Tardivel,* for the plaintiff.

*Rich & Marble,* for the defendants.

WALKER, J.  The only question raised by the case relates to the admissibility of the evidence from which the court found that the plaintiff waived her right to a formal notice of the proceedings before the selectmen.  If the evidence was competent in support of that finding, the exception must be overruled.  Her examination of the notice when it was served upon her husband gave her the information in fact that it was proposed to lay out the highway over land of which she was the owner, and that the notice was improperly addressed to her husband, who was not a landowner interested in the proposed lay-out.  Understanding fully the object of the petition, and knowing the selectmen were acting under a misapprehension as to the title to her land, she expressed satisfaction with the object of the proceedings and remained silent until the road was laid out.  That these evidentiary facts were competent upon the question of waiver is a proposition requiring no argument in its support.  *Lucy* v. *Gray*, 61 N. H. 151.

If it is conceded that the evidence that the plaintiff's husband had without her knowledge or consent told the selectmen to tax the land to him was improperly received, it is not apparent how it was prejudicial to the plaintiff upon the question whether she had waived formal notice of the pendency of the proceedings; for the case shows that the court did not consider it upon that point. Whether it was incompetent for any purpose, it is, therefore, unnecessary to decide.

*Exception overruled.*

All concurred.