Merrimack, }
May 4, 1915. }

### ETTA M. WHEELER *v.* CONTOOCOOK MILLS CORPORATION.

A misnomer of the defendant in the original writ is only pleadable in abatement and is waived by a general appearance; and if such defect be an unimportant mistake in the name of a corporation, it is curable by amendment.

An improper and wholly irresponsive statement by a witness does not furnish ground for exception, unless a request to strike the objectionable matter from the record is refused.

Where the plaintiff in a suit for personal injuries introduces without objection evidence of negligent acts not specifically alleged in the declaration, the defendant is not entitled to an instruction that such ground of complaint cannot be considered by the jury; and after a verdict for the plaintiff, the declaration may be amended to correspond with the proof.

The contention that the workmen's compensation act is unconstitutional, in that it denies to those who accept its provisions a trial by jury on the issue of damages, cannot be raised by a defendant employer who has not so accepted.

The abolition of the defences of contributory negligence, assumption of risk, and the fellow-servant rule, in actions for personal injuries against certain employers, was a legitimate exercise of legislative power; and a master who has not accepted the provisions of the statute taking away such defences cannot be heard to complain of supposed defects in the processes by which they may be regained.

Where the defendant in an action for personal injuries introduces evidence to show that the plaintiff was willing to accept a small sum in settlement, a suggestion by the latter's counsel in argument, that the cost of the trial would greatly exceed the amount demanded in compromise, relates to a matter of common knowledge and is not inconsistent with fairness of trial.

Where the evidence is conclusive that an action for negligence against a master is within the provisions of the employers' liability act, it is correct procedure to so instruct the jury.

CASE, for negligence, brought under the employers' liability and workmen's compensation act (Laws 1911, *c.* 163).    Trial by jury

and verdict for the plaintiff. Transferred from the April term, 1914, of the superior court by *Branch,* J.

The plaintiff was at work by the day in an upstairs room of the defendant's stocking mill. The work ran short, and the overseer told her that if she wanted to finish out the day she could take her chair and go downstairs, where there was piece-work to be done. The stairs were unrailed on one side for several steps from the bottom, the treads were badly worn, and the stairs were incumbered by large bundles of stockings which had been thrown down from the upper floor. The plaintiff attempted to pick her way down the stairs while carrying her chair, and while so doing slipped and fell from the worn and unrailed treads, receiving the injuries complained of.

The defendant was set out in the writ as the "Contoocook Mills Company." It appeared generally, and at a later term moved that the suit be dismissed because the Contoocook Mills Company had been dissolved and the present corporation was the Contoocook Mills Corporation. The motion was denied, the plaintiff was given leave to amend by substituting "Corporation" for "Company," and the defendant excepted.

Upon cross-examination, a witness called by the defendant was asked "Who was Ham?" and replied "I don't know, I heard he represented an insurance company," whereupon the defendant excepted. The defendant's motion for a directed verdict was denied, subject to exception. Further facts and other exceptions are stated in the opinion.

*Martin & Howe* and *Joseph A. Donigan* (*Mr. Howe* orally), for the plaintiff.

*Albin L. Richards* (of Massachusetts), *Sewall W. Abbott,* and *Oscar L. Young* (*Mr. Richards* and *Mr. Young.* orally), for the defendant.

PEASLEE, J. The claim that the suit should be dismissed because the defendant was set out in the writ as the "Contoocook Mills Company" instead of the Contoocook Mills Corporation was rightly denied. The misnomer was at the most only pleadable in abatement; and the defence, so far as it was one, was waived by the general appearance. The argument that the suit was in fact brought against another defendant is not well founded in fact. The Con-

toocook Mills Company had gone out of existence. There was no such corporation, and for the purposes of this case it is as though there never had been. It is the ordinary case of a not very important mistake in the name of a corporation, curable by amendment in any event. It was so held even in the days of strict common-law pleading. *Burnham* v. *Bank*, 5 N. H. 573.

The exception to the statement of a witness, that he heard that Ham represented an insurance company, is not well taken. The statement was not called for, and there was no motion to strike it from the record. The court was not asked to rule upon its admissibility, or upon its being allowed to stand as a part of the evidence. Until such request is made and refused there is nothing to which exception will lie. The fault was wholly that of a witness. It was not an error made by the court, or misconduct chargeable to the opposite party or her counsel.

The declaration charges negligence in general terms, followed by a specification that the stairs were dangerous because incumbered and unrailed. At the trial the plaintiff also introduced evidence that the treads were badly worn. No objection was made to the introduction of evidence upon this point. It appears to have been tried out without objection, and the defendant excepted to a refusal to charge the jury that this phase of the case could not be considered. In this situation it is useless to consider whether the declaration covers the matter or not. If it does not, it may now be amended.

The defendant moved for a directed verdict upon various grounds. So far as it relates to the fault of the defendant in maintaining such stairs, so incumbered, and ordering the plaintiff to use them while hampered in her movements by the chair she was carrying, the evidence is clearly sufficient. The claim that because she had completed one kind of work upstairs and was going downstairs to begin work for which she was paid in a different way, therefore she was not, while in transit, the defendant's servant, does not demand extended consideration. If the claim were well founded, employers would be released from all liability under the act for the condition of the ways provided for the ingress and egress of employees. Such is not the law. *Boody* v. *Company, ante,* 208, 210.

It is argued that the statute is unconstitutional because it denies to employers who accept the provisions of the law a jury trial upon the issue of damages. The defendant has not so accepted and is not concerned with this question. As it has had a trial by jury upon all the issues in the case, it has no cause of complaint upon the ground that others are deprived of such a trial.

Another objection made to the constitutionality of the law is based upon the taking away of certain defences, and alleged discriminations and inequalities in the provisions made for regaining the same by accepting the provisions of the act.   It was within the legislative power to abolish entirely the defences of contributory negligence, assumption of risk, and the fellow-servant rule.   This is expressly held in the case upon which the defendant relies.   *Ives* v. *Company*, 201 N. Y. 271.   To the same effect are *Opinion of the Justices*, 209 Mass. 607, and *State* v. *Creamer*, 85 Ohio St. 349.   As these defences could be entirely taken away, the defendant has no cause to complain of supposed defects in the processes by which they might be regained.   Until it evinces some desire to avail itself of those processes, it will not be heard to complain that they are unequal.

The objection that the classification of employments adopted is unreasonable has been met and answered in many jurisdictions.   It is not an open question in this state.   *State* v. *Griffin*, 69 N. H. 1, and authorities there reviewed.

The defendant is in error in its claim that the act is similar to the one held to be unconstitutional in *Ives* v. *Company, supra*.   In so far as the acts are similar, their constitutionality was expressly declared in that case.   The ground upon which the New York act was held to be unconstitutional was that it provided for compensation when there was no fault upon the part of the employer.   As there is no such provision in our statute, the only part of that decision which is adverse to plaintiffs has no application here.

A statement alleged to have been made by the plaintiff was introduced in evidence by the defendant.   Damages were therein claimed in the sum of fifty dollars.   In seeking to discredit the statement, counsel said in argument: "Now I am going to ask you: is there any blank fool connected with the mill, or anybody else, who would not pay fifty dollars to get rid of this claim, instead of paying two or three hundred dollars, perhaps, to defend it?" Exception being taken, he added: "I am going to repeat what I said.   I ask you if there was any blank fool about the mill who would not pay fifty dollars to get rid of this law suit?"   There is in the argument no statement of any fact not in evidence.   The suggestion that perhaps it cost two or three hundred dollars to defend this somewhat minutely contested case related to a matter about which the jurors probably had the knowledge of men in general.   It is common knowledge that litigation is expensive, and

that it costs much more than fifty dollars to defend a case like this. No other use was made of the argument, and it was within the limits of legitimate advocacy.

Exception was taken to the instruction given to the jury to the effect that the case was within the employers' liability act. It is argued that the jury should have passed upon the questions whether the plaintiff was on her way to work, whether there were five or more people employed about the mill, etc. The evidence from both sides was directly to the effect that she was going from place to place in the building as her employment required; and as to numbers, it appeared that there were more than fifty employees in the mill and at least twenty-five in this room. Further recital of the evidence is unnecessary. It is sufficient to say that the evidence was conclusive that the case was within the act. In this state of the proof, it was the correct procedure to so instruct the jury.

*Exceptions overruled.*

All concurred.