Hillsborough,
April 3, 1923.

FRANK T. LEWIS, *Adm'r of* ADDIE S. LEWIS, *v.* WALKER D. HINES, *Director-General.*

FRANK T. LEWIS, *Adm'r of* CLARA · E. SMITH, *v.* SAME.

No suit against the government can be maintained except when the right has been conferred by federal authority.

An action does not lie against the director-general of railroads under the federal control act (40 U. S. Stat., *p.* 451, *s.* 10) for a cause of action arising before the government assumed control, and a liability therefor cannot be imposed by estoppel or waiver.

An order of the supreme court, that there be judgment, will not cut off the right of the party against whom judgment is so ordered to thereafter apply for a new trial in the superior court.

CASE, under P. S., *c.* 191, *s.* 10 *et seq.* The intestates were killed at a grade crossing in Nashua while traveling on a highway on October 1, 1917. In the writs, dated April 21, 1919, the defendant is set forth as "Walker D. Hines, Director General of Railroads, representing the Boston & Maine Railroad doing business in Nashua in said county." Pleas of not guilty were filed, and the defendant made the following brief statement of defence. "The defendant says that at the date the action accrued, to wit, October 1, 1917, he was not Director General of Railroads nor had the United States of America taken over the administration of railroads. Wherefore, the said Walker D. Hines moves that this action may be dismissed, and for his costs." The plaintiffs agree to the correctness of the averments of the brief statement.

At the hearing on these pleadings, each plaintiff's only offer of evidence was of correspondence after December 31, 1917, and both before and after the actions were brought, about a settlement of the claims and written from the North Union Station at Boston on paper bearing the letter heads "United States Railroad Administration, William G. McAdoo, Director General, Boston & Maine Railroad," and signed by one Damon with the words "General Claim Agent" appearing beneath his signature. To the exclusion of this evidence, the plaintiffs excepted. Each writ has a return of service as follows: "Hillsborough ss. April 21, 1919. I have summoned the within named defendant by leaving an attested copy of this writ in the hands of E. G. Andrews, a person doing the business of said defendant as ticket master for the sale of passenger

tickets at its station in Nashua, in said County.    Jerry J. Haggerty, D. Sheriff."

The motions were granted, subject to exception.    A general appearance for the defendant was entered at the May, 1919, term, and has since continued unchanged on the docket.    The defendant's pleadings were filed March 16, 1920.    The motions to dismiss were heard and granted forthwith.

On March 21, 1922, the plaintiff in each action filed a motion to amend the writ by adding, after the defendant's place of business, the words "also the Boston & Maine Railroad Corporation duly established and doing business in said Nashua."

At the hearing on this motion, which was denied, plaintiffs' counsel stated that no joint liability is claimed, that liability on the part of the railroad is claimed, that the motion was filed without conceding that the railroad is not already a party and claimed that if the motion were granted, the railroad would thereby be made a party without any necessity of notice.    No appearance of any kind has been made for the railroad.    Transferred by *Allen*, J.

*Doyle & Doyle* and *Lucier & Lucier* (*Mr. Paul J. Doyle* and *Mr. Alvin J. Lucier* orally), for the plaintiffs.

*Warren, Howe & Wilson* (*Mr. Howe* orally), for the defendant.

PEASLEE, J.    So far as the questions transferred are concerned, the two cases may be treated as one.    It being conceded that the wrong complained of was done before federal control of railroads began, it follows that the suit against the director-general could not, ordinarily, be maintained.    But it is insisted that the defendant has so conducted as to be estopped to set up this defence, or that the defence has been waived.

The defendant is really the United States; and no suit against the government can be maintained, except when the right has been conferred by federal authority.    Whatever right there is to such an action is found in the federal control act (40 U. S. St., 451, *s.* 10), as amplified by general order number 50, issued by the director-general October 28, 1918.    This order authorizes such suits only as to claims arising since December 31, 1917, and growing out of federal operation.    *Fitzhugh* v. *Railway*, 79 N. H. 371, 376; *Missouri Pac. Rd Co.* v. *Ault*, 256 U. S. 554.    It is plain that a broader liability, that is a liability for a cause of action arising before federal control began, cannot be imposed by estoppel or waiver.    "Want

of legal capacity cannot be supplied by estoppel." *Penacook Savings Bank* v. *Sanborn,* 60 N. H. 558, 561; *Adams* v. *Adams,* 80 N. H. 80, 82; *State* v. *Hutchins,* 79 N. H. 132, 140.

It was incumbent upon the plaintiff to prove a cause of action coming within the limits of the consent given. The nonsuit was properly ordered, and the ruling excluding the evidence which was claimed to show an estoppel to set up the admittedly true defence was correct.

There was no error in denying the motion to amend by joining the Boston & Maine railroad as a defendant. While the rule that all amendments essential to the promotion of justice ought to be allowed has been applied to the fullest extent in this jurisdiction, it does not follow that every proposed amendment is to be allowed as a matter of course. The motion here is to so amend the proceedings that a suit against A shall be changed into one against B. Undoubtedly such an amendment may be allowed in a proper case. The real question here is not as to the power of the court to make the order, but what the effect of the amendment would be if allowed.

When a new defendant is brought in by amendment, the situation as to his rights and liabilities is what it would be if an original action against him were brought at that time. As to him, this is the beginning of the suit. At the time when the present motion to amend was made, the cause of action against the railroad had expired. The accident happened in October, 1917, and the motion was made in March, 1922. *Kostoras* v. *Hines,* 80 N. H. 500, and cases cited. The situation presented by the motion was that of a plaintiff who asked leave to institute a suit which it conclusively appeared could not be maintained. Upon this application, the court made the only sustainable ruling. It could not be found that justice requires so useless a proceeding as giving permission to a plaintiff to institute a suit which must at once be dismissed. *Barker* v. *Young,* 80 N. H. 447; *Knight* v. *Haverhill,* 77 N. H. 487; and cases cited.

It is claimed that there was a misnomer in the writ, so that adding the name of the railroad as a defendant would merely be specifying the original defendant with more particularity. The designation of the defendant in the writ as "Walker D. Hines, Director General of Railroads, representing the Boston & Maine Railroad," is a sufficient description of the federal agency, and complies, in substance, with the provisions of general order number 50. If there is any misnomer, it consists only in a defect in the description

of that agency. Any correction of the error would be in the line of improving that description; and after the amendment had been made, the defendant would remain the same as before. The suit would still be against the director-general, and not against any one else. The writ contains no evidence of any intent to sue the railroad. The mistake is not one relating to an imperfect description of the railroad as defendant. In the situation presented by the record, the doctrine of misnomer has no application.

The claim that the statement in the writ that the suit was against Hines, director-general "representing the Boston & Maine railroad," was in effect an attempt to describe the railroad as defendant, cannot be sustained. The director-general did not represent the railroad for any such purpose. Suits against the railroad were to be brought against it *eo nomine*. There is nothing in the record upon which to base a conclusion that the plaintiff intended to sue the railroad, and merely made a mistake in description. The evidence is conclusive that the suit was brought against the director-general.

It is urged that service of the writ upon the ticket agent in Nashua was service upon a servant of the railroad, and that therefore the railroad was duly notified of the suit, and is a party thereto. One sufficient answer to this is that the former servants of the railroad became those of the government, under federal control, and no longer represented their former employers. *Missouri Pac. Rd Co.* v. *Ault*, 256 U. S. 554.

The plaintiff's whole difficulty lies in the fact that he sued the wrong party, and this error cannot be cured by an amendment that would abridge the rights of the railroad, which accrued before the amendment making it a party was applied for. There is no claim here of any joint liability, nor that the director-general represented the railroad as to any wrong done before federal control. The two parties complained against, and their several liabilities, are entirely distinct and separate. For wrongs done prior to federal control the railroad alone was responsible, and for those done during and growing out of such control the director-general might be sued. The corporation must ultimately pay the damages in the suit against it, but in the action against the director-general the loss would fall upon the government. In no way, either directly or indirectly, was the railroad interested in the suit against the government. There is nothing whatever to connect the corporation with the original suit, and the proposition to add it as a defendant must stand upon the situation existing when action to that end was taken.

The plaintiff has recently filed in the superior court a paper alleging certain facts as to which he has not heretofore offered any evidence, and he asks for an amendment to the transferred case embodying these facts. It is not suggested that the case as transferred does not fully state all that has taken place in the superior court.

Upon the original pleadings a trial was had, and, after the plaintiff had offered all the evidence he desired to, the defendant's motion for a nonsuit was made and granted. This completed the trial of the case against the director-general. Two years later, the plaintiff filed his motion to join the railroad as a defendant. That motion was heard and denied in the superior court. It thus appears that when the case was transferred to this court the proceedings in the superior court were at an end. The only matters remaining to be determined were the questions of law presented here by the record.

The application now made to the superior court is merely a petition for a new trial of matters which have already been heard and decided there. It has no bearing upon the disposition to be made of the legal questions pending here. The plaintiff does not suggest that he abandons his exceptions; and as they relate solely to the trial and hearing already had, the usual and orderly course of procedure is to pass upon them now, leaving the plaintiff to pursue any further remedy he may have in the superior court. *Tuttle's Petition*, 80 N. H. 155, 157.

An order here that there be judgment for the defendant, would not cut off the plaintiff's right to thereafter apply for a new trial in the superior court (*Morin* v. *Company*, 78 N. H. 567, 570); but in accordance with the usual practice where the intent to make such application has been expressed, a formal order of judgment is not made.

*Exceptions overruled.*

PLUMMER, J., was absent: SNOW, J., did not sit: the others concurred.