Strafford,
Jan. 5, 1926.

### VENA SEVIGNY REMICK v. J. SPAULDING & SONS CO., INC.

An action for personal injuries to an employee having been brought against a partnership whose business had, prior to the incurring of the injuries, been taken over by a corporation of almost identically the same name, and under the same management, the plaintiff, on showing of these facts by the defendant during the trial, was properly allowed to amend by making the corporation the party defendant.

If proof as to the proper party defendant involved the introduction of possibly prejudicial testimony regarding the organization of the defendant corporation and its protection by liability insurance, that fact may properly be taken into account by the trial court in passing upon the award of damages, on motion to set aside the verdict.

CASE, for negligence. The action was originally brought by Vena Sevigny, who has since married, against J. Spaulding & Sons Company, a copartnership, and is reported in 81 N. H. 311. During the second trial it appeared that the plaintiff, when she received her injury, was in the employ of J. Spaulding & Sons Co., Inc., a corporation. The plaintiff thereupon moved to amend the writ by substituting the corporation for the partnership as defendant. This motion was granted subject to exception. Later, counsel who had represented the defendant in the former trial but who were actually employed by the liability insurance company which insured the corporation, entered a general appearance for the corporation, and proceeded with a "general defense under protest." Trial by jury and verdict for the plaintiff. The defendant's motion for a nonsuit was denied subject to exception. The defendant also excepted to the denial of its motion to set aside the verdict. A more explicit statement of the facts and exceptions is given in the opinion. Transferred by *Burque*, J.

*Demond, Woodworth, Sulloway & Rogers* (*Mr. Rogers* orally), for the plaintiff.

*Alvin J. Lucier, Felker & Gunnison, George T. Hughes* and *Stanley M. Burns* (*Mr. Hughes* and *Mr. Felker* orally), for the defendant.

MARBLE, J. The defendant seeks to distinguish the facts disclosed by the present record from those reported on the former transfer, contending that there is now no evidence that the plaintiff would have incurred any danger in stopping the machine on which she was working; that she knew she had the choice of a safe or dangerous method of tightening the screws and deliberately chose to perform that task while the machinery was in motion.

In point of fact the record reveals abundant evidence that dangers were involved in stopping the machine. To do this it was necessary to throw the belt from the fixed to the loose pulley. The belt was not equipped with a shipper and had to be shifted by means of a screw-driver or shoe-counter, or by hand. The plaintiff herself testified that the screwdriver had been knocked from her grasp when she had used it for that purpose, that there were hooks in the belt which might cut her if she shifted it by hand, and that it was difficult and hazardous to use the small counters which were alone available at the time of the accident.

In this and in all other respects the evidence is essentially the same as that of the former trial. It follows that the court did not err in denying the defendant's motion for a nonsuit on the merits of the case. *Haakensen v. Company*, 77 N. H. 588.

The plaintiff was originally employed by the Spaulding partnership. At the time of the accident the partnership had been dissolved and the business was being conducted by the defendant corporation. This fact did not appear until the beginning of the second trial, when the information was elicited by the court from counsel who represented the Spaulding interests as distinct from those of the liability insurance company. An amendment was suggested, but the plaintiff objected to its allowance until the facts could be more definitely determined. It was then decided to go on with the trial pending inquiry at the defendant's office. After this inquiry had been made, the plaintiff moved "to amend the writ by having the defendant appear as J. Spaulding & Sons Co., Inc." The court did not rule upon this motion at once, but waited for defendant's counsel to communicate with the insurance company for instructions. In the meantime the trial continued. At the conclusion of the plaintiff's evidence on the merits and after the defendant had introduced evidence relating to the organization of the defendant corporation, the amend-

ment was allowed subject to exception. Thereupon counsel entered a special appearance for J. Spaulding & Sons Co., Inc., and moved for a continuance. This motion was denied, and the defendant excepted.

A general appearance was then entered as follows: "Counsel of record for J. Spaulding & Sons Company, the former defendant in this case, having appeared specially and moved for continuance on the ground of lack of service to J. Spaulding & Sons Co., Inc., now made a party to the record by order of court, reserving to the said new defendant all rights under said motion, appear in defence generally of said defendant by reason of the court's order that trial shall proceed against said J. Spaulding & Sons Co., Inc., without any further notice, and for the purpose of defending as far as possible the rights of said J. Spaulding & Sons Co., Inc., with a declaration that as the case now stands a great deal of prejudicial matter has been introduced against the new defendant, and proceeds with said general defence under protest."

The trial was resumed, and the defendant proceeded to introduce evidence relating to the merits of the case.

The power of the court to allow the amendment is indisputable. P. S., c. 222, ss. 7, 8, 11; Stebbins v. Insurance Co., 59 N. H. 143, 144. It is the general rule that the court may allow amendments in civil actions "by adding new parties or substituting new ones for original parties, if justice requires the change to be made." State v. Collins, 68 N. H. 46, and cases cited; Fitch v. Nute, 62 N. H. 700; Contoocook Precinct v. Hopkinton, 71 N. H. 574, 576; Dartmouth College v. Cameron, 77 N. H. 66, 67. A motion "to so amend the proceedings that a suit against A shall be changed into one against B . . . may be allowed in a proper case." Lewis v. Hines, 81 N. H. 24, 26.

It is not necessary to decide whether the case falls within the rule of Dolber v. Young, 81 N. H. 157, and the cases there cited. Formal service of the amendment was not essential. When viewed in the light of the circumstances surrounding the case, it was hardly more than the correction of an unimportant misnomer. Wheeler v. Contoocook Mills, 77 N. H. 551.

The corporation succeeded to and took over all the business of the partnership. It was organized for that purpose, and the individual partners became the directors of the corporation. It was very obviously the intention of the plaintiff to sue her employer. She had worked for the partnership for many years, and neither she nor any of her colaborers had ever been notified of any change in the business

organization. Service of the writ was made upon the clerk of the corporation (P. S., c. 219, s. 13), and the sheriff's return so indicated. The operation of the mill was in charge of the defendant's vice-president, who was also a member of the board of directors. He was informed that the suit had been brought, and "understood fully" the plaintiff's claim. If he had read the writ he could not have failed to realize that the plaintiff was "acting under a misapprehension" as to the legal status of her employer. *Young* v. *Milan*, 73 N. H. 552.

Notice of the suit was given the insurance company, whose policy covering liability for accidents to employees ran "to the J. Spaulding & Sons Company and/or the J. Spaulding & Sons Co., Inc." The insurance company assumed the defense of the action. The corporation, through its vice-president, also engaged counsel to represent its interests in the litigation, and the attorneys so engaged were associated with the attorneys for the insurance company in both trials. On the docket of both the superior and supreme courts the name of the defendant appeared in the form usually employed to designate a corporation rather than a partnership. See the title to the case of *Cunningham* v. *Spaulding*, 80 N. H. 335. Apparently, it was understood that the corporation had been sued. The partnership had been dissolved for more than two years, and the corporation was, by its own admission, the proper defendant. As such, it appeared in fact at the first trial and participated in the proceedings without protest or objection.

In a very practical sense the plaintiff's error was merely one of misdescription (21 R. C. L. 1328), and under the circumstances the court was fully justified in dispensing with formal service of the amendment.

The denial of the motion to set aside the verdict presents no question of law. It is urged that the exigencies of the trial required the introduction of evidence relating to the organization of the corporation and the existence of liability insurance, which, under ordinary circumstances, would be deemed prejudicial. There would appear to be some basis for this contention. If so, the trial judge, who has yet to consider the motion in respect to damages, will make such order as justice demands. *Merrill* v. *Perkins*, 61 N. H. 262.

*Exceptions overruled.*

All concurred.