Coös,
March 3, 1931.

CUSHMAN H. PARSONS & a.

*v.*

SOUTHERN NEW HAMPSHIRE HYDRO-ELECTRIC CORP'N.

*Ovide J. Coulombe* and *Ira W. Thayer* (*Mr. Thayer* orally), for the plaintiffs.

*Hughes & Burns* (*Mr. Burns* orally), for the defendant.

PEASLEE, C. J. At the close of the plaintiffs' evidence the defendant moved that the appeal be dismissed because the order of the public service commission, from which the appeal was taken, was for a payment by the Public Service company of New Hampshire and not by the defendant in the appeal. Thereupon the plaintiffs moved to add the Public Service company as a party in interest. Both motions were denied.

There was no error in denying the plaintiffs' motion. It is manifest that one not a party cannot be ordered in summarily and required

to take on the defence of a cause in the midst of a trial. *Lewis* v. *Hines*, 81 N. H. 24.

The plaintiffs rely upon *Remick* v. *Company*, 82 N. H. 182. The case is not in point, as that decision was put upon the ground that the suit was understood by all parties to be against the proper defendant. The defect in the description of the defendant in the writ was held to be "hardly more than . . . . an unimportant misnomer." *Ib.*, 184. There is no such situation here. The present proposition is to substitute or add a new party.

The situation as to the defendant's motion is quite different. The appeal was taken against a party as to whom the commission had not made the order complained of, and that party was entitled to have the appeal dismissed, so far as its rights and liabilities were concerned. Whether the appeal could then be kept alive, and the plaintiffs permitted to amend by making the Public Service company the defendant, upon reasonable notice, is a question not presented by the record, and upon which no opinion is intended to be expressed. The issue is one upon which the prospective defendant would be entitled to be heard.

The plaintiff seeks to sustain the proceeding in its present form because the Public Service company is the successor in right of the defendant, and therefore the former is bound by action taken against and notice to the latter. It is true that the petition for a revocation of the first assessment and for a new one was presented to the commission as an application for an amendment to the original petition. But it was a petition presented by the Public Service company asking that rights be granted to it and compensation to the landowners be assessed against it. The commission so understood the situation, ordered notice to be given by the Public Service company, described it as the petitioner in the report on the proceeding, allowed the amendments asked for, and finally ordered judgments against it in favor of the present plaintiffs.

The record is plain to the effect that the original petitioner ceased to have any interest in the matter and that the Public Service company succeeded it as a party. If it is permissible to amend this proceeding into one against the Public Service company upon notice to it at this late day, it is certain that the appeal cannot be sustained in its present form.

The argument that since the Public Service company voluntarily made itself a party in the proceeding brought by the defendant, therefore it cannot complain of lack of notice, may be sound so far as the

proceedings before the commission are concerned. But when the assessment of damages is taken to the superior court upon appeal, notice is required to bring in the parties appealed against. Granting that the action taken by the company made it a party bound by all that had been done by the commission, that action of the company did not make it a party to a subsequent appeal, in which it was not named and of which it had no notice.

It appears to be contended further that the second judgment of the commission should have been against the defendant. The claim does not seem to be well grounded, since a transfer of the property, etc., of that corporation to the Public Service company had already been approved, and the proceeding before the commission had been amended to make the purchasing company the party taking the rights in question. But assuming the accuracy of the claim would not help the plaintiffs. Whatever judgment should have been entered, none was entered against the defendant; and the one entered is not open to revision here. The only appeal to the superior court is upon the amount of damages. P. L., c. 244, s. 6. Appeals upon other questions are to the supreme court. P. L., c. 239, s. 4. None having been taken, the court has no power to alter the judgment of the commission. It must be dealt with as it stands. *Ib.*, s. 22.

No attempt has been made to take any appropriate action to perfect the proceeding in the superior court, and upon the record as it stands the appeal should be dismissed.

It follows from the foregoing conclusion that all the other exceptions taken during the trial become immaterial. If the proceeding were going back for another trial between the same parties, it might be advisable to consider such of the questions raised as would be presented again at such trial. But since the proceeding is at an end unless a new defendant is brought in, it would be manifestly improper to undertake to deal with them until that party has an opportunity to be heard.

*Appeal dismissed nisi.*

All concurred.