Rockingham, April 4, 1939. } No. 3064.

NEWMARKET WATER WORKS *v.* STRAFFORD SAVINGS BANK *&a.*

*George R. Scammon,* by brief, for the plaintiff.

*Hughes & Burns* and *Charles F. Hartnett,* by brief, for the defendant bank.

*Per Curiam.* After the judgment against Carpenter was entered, the action was no longer pending, and the propriety of the subsequent motion that the bank be made a party defendant seems doubtful. But if the grant of the motion may be sustained, the bank did not become a party to the action until the motion was filed. *Lewis* v. *Hines,* 81 N. H. 24. The statute (Laws 1927, *c.* 71, *s.* 1) enacted that the lien for water charges should continue "for one year from the last item charged" for water and "may be enforced by suit . . . against the owner or owners of the real estate." It follows that so far as the lien extended to the bank's interest, it was lost by failure to secure it by suit against the bank within the time limit prescribed by the statute. The only method to enforce the lien being by suit and no suit to enforce it as to the bank's interest being instituted prior to the motion, the statutory limitation of time became operative to bar the plaintiff in respect to such interest. No personal liability of the bank can be invoked, and since its property is not held by the lien, the plaintiff's case fails, without consideration of other points of defence.

The bill in equity brought to supplement the action as an aid to perfect the lien is of no service to cure the bar. It was not brought until long after the action and no attachment was made in connection with it. It could have no retroactive effect upon the time when the bank was in any way sued. It should be dismissed and judgment ordered for the bank in the action.

*Ordered accordingly.*