Grafton
No. 6872

RODERICK DUPUIS

v.

SMITH PROPERTIES, INC., d.b.a. R. H. SMITH COMPANY

September 30, 1974

*Orr & Reno (Mr. William L. Chapman* orally) for the plaintiff.

*Sulloway, Hollis, Godfrey & Soden (Mr. Michael M. Ransmeier* orally) for the defendant.

KENISON, C.J. This is an action to recover damages for injuries resulting from a gas explosion that occurred on September 4, 1966. Plaintiff instituted suit August 4, 1972, prior to the expiration of the relevant statute of limitations. RSA 508:4. A pretrial conference in September 1973 revealed that plaintiff had named the wrong party as defendant, and, accordingly, he moved to amend his declaration and to amend his writ to reflect the correct corporate name of defendant. Plaintiff's exceptions to the denial of these motions were

reserved and transferred by *Perkins*, J. The only question presented is the propriety of the trial court's denial of plaintiff's motions to amend his declaration and writ after the expiration of the statute of limitations to substitute the name of the intended defendant.

The source of confusion in this case is the fact that two distinct corporate entities have utilized a similar name at various times. The defendant originally named in the writ, Smith Properties, Inc., was initially incorporated as R. H. Smith Company, Inc. In 1952, its name was changed to Smith Properties, Inc. The intended defendant, Ralph H. Smith Corporation was originally incorporated in 1951. In 1953, it registered the trade name, R. H. Smith Company, and reregistered it in 1963. Relying upon information supplied to him by the secretary of state concerning the user of the name, R. H. Smith Company, plaintiff incorrectly designated Smith Properties, Inc., d.b.a. R. H. Smith Company, as defendant. To complicate matters further, the clerk and agent for service of process for both corporations was the same person. When service was made on August 8, 1972, on the clerk in her capacity as representative for Smith Properties, Inc., she was also clerk, assistant treasurer and office manager for the intended defendant, Ralph H. Smith Corporation. At that time the owner of Ralph H. Smith Corporation had no knowledge of plaintiff's accident since it had occurred prior to his purchase of the corporation. However, based on what was told to him by his office manager about the accident and about the contents of the writ itself, he assumed as of the date of service of process that his company was the real object of plaintiff's suit.

Because the basic question underlying both of plaintiff's motions is the same, they will be treated in effect as one. If the motion to amend the writ is granted so as to permit the inclusion of the intended corporate defendant as a party to the action, amendment of the declaration should be allowed as well since the latter merely details plaintiff's complaint with greater specificity. RSA 514:9; *Remick v. Company*, 82 N.H. 182, 184, 131 A. 608, 609 (1926); *Stebbins v. Lancashire Insurance Co.*, 59 N.H. 143, 144 (1879); *From Common Sense to Common Law to Charles Doe – The Evolution of Pleading in N.H.*, 1 N.H.B.J. (No.3) 27, 35 (1950).

The approach to allowing amendments in this State is a liberal one which reflects the desire not to permit procedural error or omission to frustrate the maintenance of a valid action. *Lewis v. Hines*, 81 N.H. 24, 26, 120 A. 728, 730 (1923); *Stearns v. Wright*, 50 N.H. 293, 295 (1870). This pragmatic view of amendments is embodied in RSA 514:9 which provides that substantive amendments "may be permitted in any action, in any stage of the proceedings, upon such terms as the court shall deem just and reasonable, when it shall appear to the court that it is necessary for the prevention of injustice", and so long as the rights of third parties are not prejudiced thereby.

Whether plaintiff should be permitted to amend on the facts of this case presents a close question under the test posited by RSA 514:9. Both potential injustice and prejudice exist. If plaintiff is not permitted to amend, an entirely new cause of action against the intended corporate defendant will be barred by the statute of limitations. Such a result seems unjust in light of the fact that the intended defendant received actual notice of the action against it prior to the expiration of the statute of limitations. *See Developments in the Law – Statutes of Limitations*, 63 Harv. L. Rev. 1177, 1239 (1950).

In arguing to sustain the trial court's denial of plaintiff's motions to amend, defendant characterizes this action as one of mistaken identity rather than mere misnomer. According to defendant, misnomer involves misdescription of a party properly served and brought before the court, whereas mistaken identity is where the wrong party is brought before the court. In the case of misnomer, the effect of an amendment is simply to improve the description of the party who has already been duly notified. However, in mistaken identity cases, an entirely new party is introduced into action by way of amendment. Correction of misdescription is generally permitted by way of amendment but substitution of a new party is not. *Lewis v. Hines*, 81 N.H. 24, 27, 120 A. 728, 730 (1923); 6 W. Fletcher, Cyclopedia of Corporations § 2447 (perm. ed. 1968); 9 *id.* §§ 4566, 4567; 8 A.L.R.2d 6, 16 (1949); 3 J. Moore, Federal Practice § 15.15 [4.-1] (1974).

Nevertheless, the facts of this case do not conform neatly

to the categories delineated by defendant and, hence, the distinction between misnomer and mistaken identity, which leads to a ready resolution of cases fitting within the pattern, does not appear particularly meaningful here. Arguably, since plaintiff used the correct trade name, not even misnomer is involved. Defendant was sued in the same name by which it referred to itself. *See Hickman v. Hygrade Packing*, 185 N.W.2d 801, 803-04 (Iowa 1971). However, to the extent that plaintiff associated the right trade name with the wrong corporation, this case partakes of misnomer. Plaintiff described the intended defendant imperfectly, but the presence of the trade name in the writ manifested his intent to sue the registrant of the trade name which was engaged in selling bottled gas, Ralph H. Smith Corporation. Amendment may be allowed after the expiration of the statute of limitations where an intent to sue the correct party is apparent. *Lewis v. Hines*, 81 N.H. 24, 27, 120 A. 728, 730 (1923); 2 J. Moore, Federal Practice § 4.44 (1974); 3 *id.* § 15.15 [4.-1]. Even assuming that mistaken identity is involved, since plaintiff served the right person and the intended defendant received actual notice of the action against it on the date of service, the effect of an amendment would not be to bring an "entirely new" party before the court.

No matter how this action is characterized the crucial fact, as plaintiff contends, is that of actual notice to the intended defendant prior to the expiration of the statute of limitations. Under the test embodied in RSA 514:9 plaintiff should have been permitted to amend by the trial court since defendant would not be prejudiced by the amendment. Note, *Substituting a Defendant After the Statute of Limitations Has Run*, 26 Okla. L. Rev. 105 (1973); Note, *Refusal of Amendment Adding Similar Named Corporate Defendant After Statute of Limitations Had Run*, 27 Temple L.Q. 355 (1954). The rationale for the statute of limitations, which is to insure that defendants receive timely notice of actions against them, is not applicable in a case such as this one where the defendant actually received notice within the limitation period. *Order of Railroad Telegraphers v. Railway Express, Inc.*, 321 U.S. 342, 349 (1942); *New York Cent. and Hudson River Ry. v. Kinney*, 260 U.S. 340, 346 (1922). In light of defendant's timely knowledge that this action was

really directed against it, the trial court should not have denied plaintiff's motions. *See Bourget v. Company*, 97 N.H. 193, 194, 84 A.2d 830, 832 (1951); *Wheeler v. Contoocook Mills*, 77 N.H. 551, 552-53, 94 A. 265, 266 (1915).

One possible objection to relying on the fact of actual notice is the adequacy of the notice itself. The notice which defendant received in this case was informal. Informality will not nullify the notice so long as defendant receives actual knowledge. 1 M. Merrill, Notice § 608 (1952); 6 C. Wright and A. Miller, Federal Practice and Procedure § 1498 (1971); *see Jewett v. Jewett*, 112 N.H. 341, 342, 296 A.2d 11, 12 (1972).

Accordingly, plaintiff may amend both his declaration and writ, and the order is

*Plaintiff's exceptions sustained.*

All concurred.