RICHARD GLINES

v.

PAUL BRUK, JR., TRUSTEE OF B.C.L.M.
REALTY TRUST, & a.

August 22, 1995

*Cossingham Law Office, P.C.*, of North Andover, Massachusetts, and *Mulhern & Scott, P.A.*, of Portsmouth (*Kenneth A. Cossingham* and *Peter C. Scott* on the brief, and *Mr. Cossingham* orally), for the plaintiff.

*Hamblett & Kerrigan, P.A.*, of Nashua (*Andrew A. Prolman* on the brief and orally), for defendant Paul Bruk, Jr., trustee of the B.C.L.M. Realty Trust.

*Sulloway & Hollis*, of Concord (*W. Kirk Abbott, Jr.*, on the brief and orally), for defendant Chestnut Hill Construction, Inc.

*Wiggin & Nourie, P.A.*, of Manchester (*Gary M. Burt* on the brief and orally), for defendant Barry Hyman, Inc.

THAYER, J. This is an interlocutory appeal from a ruling in the Superior Court (*McHugh*, J.) dismissing the plaintiff's action against defendants Barry Hyman, Inc. (Hyman) and Chestnut Hill Construction, Inc. (Chestnut Hill) based on the statute of limitations. We affirm and remand.

The parties certified the following facts. On August 15, 1988, the plaintiff, Richard Glines, an employee of Service Merchandise, Inc., injured his back while attempting to lift a mechanized loading dock. He brought suit in February 1990 against the owner of the premises, defendant Paul Bruk, Jr., trustee of B.C.L.M. Realty Trust, alleging that his injury was caused by a defect in the loading dock and that the dock had been defective since installation.

Through discovery, the plaintiff learned that the defect in the loading dock may have been caused by the negligence of defendants Hyman and Chestnut Hill. Consequently, he added them to his action against Bruk in May 1992. Hyman moved to dismiss based on the expiration of the statute of limitations. Chestnut Hill was allowed to join Hyman's motion. Following a hearing at which the parties were allowed to make offers of proof and legal arguments, the court found that the lawsuits against Hyman and Chestnut Hill were barred by the statute of limitations. This interlocutory appeal followed.

On appeal, the plaintiff argues that the defendants failed to meet their burden of pleading and proving the statute of limitations.

■■ The plaintiff correctly notes that the statute of limitations constitutes an affirmative defense, *Exeter Hospital v. Hall*, 137 N.H. 397, 399, 629 A.2d 88, 89 (1993), and that the defendant bears the burden of proving that it applies in a given case, *cf. State v. Soucy*, 139 N.H. 349, 353, 653 A.2d 561, 564 (1995) (defendant bears the burden of proving an affirmative defense). That burden, however, is met by a showing that the action was not "brought . . . within 3 years of the act or omission complained of." RSA 508:4, I (Supp. 1994). Once the defendant has established that the statute of limitations would bar the action, the plaintiff has the burden of raising and proving that the discovery rule is applicable to an action otherwise barred by the statute of limitations. *See Henderson v. Jones Bros. Const. Corp.*, 602 N.E.2d 16, 18 (Ill. App. Ct. 1992); *Doe v. Cherwitz*, 518 N.W.2d 362, 364 (Iowa 1994); *Franklin v. Albert*, 411 N.E.2d 458, 463 (Mass. 1980); *Olson v. A.H. Robins Co., Inc.*, 696 P.2d 1294, 1297 (Wyo. 1985). In this case, the plaintiff failed to sustain that burden.

At the time of his injury, the plaintiff knew that his injury was caused by a defect in the loading dock. The plaintiff, however, argues that at the time of his injury, he did not know that negligence by defendants Hyman and Chestnut Hill may have caused his injury. The plaintiff misconstrues the purpose of the discovery rule.

■■ The discovery rule applies only in situations where the "injury and its causal relationship to the act or omission were not

discovered and could not reasonably have been discovered at the time of the act or omission." RSA 508:4, I. The trial court found that "any reasonable review of the plaintiff's accident should have caused him to include as a possible wrong-doer the manufacturer or installer of the particular piece of equipment that caused the accident." The trial court, therefore, concluded that the statute of limitations began to run against Hyman and Chestnut Hill on the day of the plaintiff's accident. We agree. In this case, the plaintiff knew both the fact of the injury to his back and the fact that there was some causal link to the defective loading dock. *See McCollum v. D'Arcy*, 138 N.H. 285, 286, 638 A.2d 797, 798 (1994) (discussing application of common law discovery rule). The discovery rule is designed to provide relief in situations where the plaintiff is unaware of either his injury or that the injury was caused by a wrongful act or omission. RSA 508:4, I; *see also Rowe v. John Deere*, 130 N.H. 18, 21, 533 A.2d 375, 377 (1987). Such is not the case here. The trial court, therefore, correctly found that the discovery rule was inapplicable and dismissed the plaintiff's actions against Hyman and Chestnut Hill.

The interlocutory appeal statement presents the question of whether an evidentiary hearing was required in order for the trial court to determine whether the discovery rule applied. That question, however, was not briefed. Therefore, we will not address it. *State v. Smart*, 136 N.H. 639, 661, 622 A.2d 1197, 1211, *cert. denied*, 114 S. Ct. 309 (1993).

*Affirmed and remanded.*

All concurred.