Merrimack
No. 2005-064

### JUAN PEREZ

v.

### PIKE INDUSTRIES, INC. *& a.*

Argued: October 19, 2005
Opinion Issued: December 30, 2005

*Edward M. Gainor*, of Amherst, by brief and orally, for the plaintiff.

*Wadleigh, Starr & Peter, P.L.L.C.*, of Manchester (*Todd Hathaway* on the brief and orally), for defendant Pike Industries, Inc.

GALWAY, J. The plaintiff, Juan Perez, appeals the Superior Court's (*McGuire*, J.) dismissal of his negligence claim against defendant Pike Industries, Inc. (Pike) on the ground that it was barred by the statute of limitations. We affirm.

The record supports the following facts. On August 25, 2000, in the course of his employment, the plaintiff was loading furniture onto a delivery truck on West Main Street in Newton. While loading the furniture, the plaintiff allegedly injured his ankle when his foot sank into a patch of soft pavement on the edge of the highway. On or about August 19, 2003, the plaintiff brought negligence claims against the State of New Hampshire, the Commissioner of the New Hampshire Department of Transportation, and the New Hampshire Department of Transportation (DOT), alleging his injury "was caused by the failure of defendant State of New Hampshire, through the agents, servants, and employees of the Department of Transportation to exercise due care and proper workmanship in the paving and patching of the area at the edge of the road."

On September 3, 2004, the plaintiff moved to add Pike as a party defendant, alleging "[d]iscovery has revealed that Pike Industries held a subcontract with the state for maintenance of the roadway in question, and therefore may be liable for the condition of the roadway and in particular the paving at the time of the Plaintiff's injury." The trial court granted this motion on September 23, 2004.

By motion dated November 1, 2004, the State and DOT moved to dismiss the plaintiff's claims. One month later, Pike filed a motion to dismiss the plaintiff's claim on statute of limitations grounds. By order dated December 30, 2004, the trial court dismissed the plaintiff's claims against all defendants. The plaintiff then appealed the trial court's decision to this court. We affirmed the trial court's dismissal of the plaintiff's claims against the State and DOT by order dated June 28, 2005. We now address the plaintiff's appeal of the trial court's dismissal of his claim against Pike.

"The standard of review in considering a motion to dismiss is whether the plaintiff['s] allegations are reasonably susceptible of a construction that would permit recovery." *Benson v. N.H. Ins. Guaranty Assoc.*, 151 N.H. 590, 594 (2004). Although we assume the truth of the facts as alleged in the plaintiff's pleadings and construe all reasonable inferences in the light most favorable to the plaintiff, we will uphold the granting of the

motion to dismiss if the facts pled do not constitute a basis for legal relief. *Id.*

On appeal, the plaintiff asserts his claim was not barred by the three-year statute of limitations because: (1) the discovery rule exception in RSA 508:4, I, applies; and (2) his initial writ named Pike as a party by its reference to the "agents, servants, and employees" of the State. We disagree.

■ Pursuant to RSA 508:4, "all personal actions, except actions for slander or libel, may be brought only within 3 years of the act or omission complained of" unless the discovery rule exception applies. RSA 508:4, I (1997). The statute of limitations constitutes an affirmative defense. *Glines v. Bruk*, 140 N.H. 180, 181 (1995). However, once the defendant establishes that the cause of action was not brought within three years of the alleged act, the burden shifts to the plaintiff to raise and prove the applicability of the discovery rule exception. *Id.*

■ Under the discovery rule exception to the statute of limitations, when the injury and its causal relationship to the act or omission were not discovered and could not reasonably have been discovered at the time of the act or omission, the limitations period only begins to run when "the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its causal relationship to the act or omission complained of." *Big League Entm't v. Brox Indus.*, 149 N.H. 480, 485 (2003); RSA 508:4, I. This two-pronged rule requires that, before the statute of limitations will begin to run, the plaintiff must know or reasonably should have known that he has been injured and that his injury was proximately caused by conduct of the defendant. *Id.* Thus, the discovery rule exception does not apply unless the plaintiff did not discover, and could not reasonably have discovered, either the alleged injury or its causal connection to the alleged negligent act.

The primary purpose of the statute of limitations is to "ensure timely notice to an adverse party and to eliminate stale or fraudulent claims." *Donnelly v. Eastman*, 149 N.H. 631, 634 (2003) (citations omitted). "The statute of limitations establishes a deadline after which the defendant may legitimately have peace of mind; it also recognizes that after a certain period of time it is unfair to require the defendant to attempt to piece together his defense to an old claim." *Id.* (quotations omitted).

Here, neither party disputes that the plaintiff was aware of the injury when it occurred on August 25, 2000. Nor do the parties dispute that the plaintiff was aware of the causal connection between the plaintiff's injury and the alleged negligent paving. Rather, the plaintiff argues that when the injury occurred, he could not reasonably have known: (1) that the State

subcontracted out the paving of that portion of the highway; and (2) the identity of the company subcontracted to complete those services. The plaintiff asserts this information was only obtainable through discovery, and the statute of limitations was, therefore, tolled until he learned that the State had subcontracted with Pike to pave that portion of the highway. We disagree.

We have previously declined to apply the discovery rule where the plaintiff-employee, who was allegedly injured by a defective loading dock, failed to include in his lawsuit either the manufacturer or installer of the alleged defective equipment until learning of their identities, through discovery, after the three-year statute of limitations had run. *Glines*, 140 N.H. at 181-82. In *Glines*, we reasoned that the plaintiff knew of both the injury and "the fact that there was some causal link to the defective loading dock," and we declined to apply the discovery rule based upon the plaintiff-employee's failure to investigate the identity of the manufacturer or installer of the machinery. *Id.* at 182.

■ Here, the plaintiff knew of his injury and its causal connection to the alleged negligent paving when the injury occurred. In dismissing the plaintiff's claim against Pike, the trial court correctly reasoned that the plaintiff's failure to investigate and identify the subcontractor who actually applied the pavement to the highway does not warrant the application of the discovery rule. Similar to the plaintiff in *Glines*, the plaintiff in this case should have known to include "as a possible wrong-doer" the subcontractor who actually paved that portion of the highway. *See Glines*, 140 N.H. at 182.

The State is an entity, and it is not unreasonable to expect a plaintiff, under these circumstances, to anticipate that some investigation will be required to ascertain the identity of the person or entity that actually paved the road. Just as the plaintiff in *Glines* was expected to investigate the identity of the distributor and installer of the defective machine, the plaintiff in this case was expected to investigate, with reasonable diligence, whether the State hired a subcontractor to complete the paving, and, if so, the identity of that subcontractor. Were we to allow plaintiffs to avoid investigating all parties to a claim by filing a lawsuit and then waiting to identify other potential responsible parties during the lengthy discovery process, it would circumvent the primary purposes of the statute of limitations—to ensure timely notice to the defendant and eliminate stale claims. *See Donnelly*, 149 N.H. at 634. We decline to do so.

Relying on *Dupuis v. Smith*, 114 N.H. 625 (1974), the plaintiff argues, in the alternative, that his initial writ, by naming the State through its "agents, servants, and employees," satisfied the statute of limitations. He

asserts that his subsequent amendment was "to simply clarify the previous wrongdoers who were alluded to in the original writ, once their identities became known." We disagree.

In *Dupuis*, an action to recover damages for injuries resulting from a gas explosion, the plaintiff filed suit against Smith Properties, Inc., d.b.a. R.H. Smith Company prior to the expiration of the statute of limitations. *Dupuis*, 114 N.H. at 626-27. The intended defendant was Ralph H. Smith Corporation, and its trade name was the same as the named defendant's name. *Id.* at 627. Both the named defendant and the intended defendant had utilized a similar name at various times since the inception of each entity, and the clerk and the agent for service of process for both corporations was the same person. *Id.* After speaking with the agent for service of process, the intended defendant's owner assumed, as of the date of service of process, that his company was the real object of the plaintiff's suit. *Id.* Subsequently, after the statute of limitations had expired, the plaintiff learned that he had named the wrong party defendant, and moved to amend both his writ and his declaration to name the intended defendant. *Id.* at 626. The plaintiff subsequently appealed the trial court's denial of his motions to amend. *Id.* at 627.

In reversing the dismissal of the plaintiff's case, we recognized that our policy of liberally allowing amendments permits the addition of a party in the case of misnomer, which involves the misdescription of a properly served party, whereas it does not generally permit the addition of an entirely new party in cases involving mistaken identity, where the wrong party had been brought before the court. *Id.* at 628. We reasoned that the effect of amendment in a case of misnomer is to "improve the description of the party who has already been duly notified," whereas in a case of mistaken identity, an entirely new party is introduced. *Id.* Thus, in *Dupuis*, we reversed the trial court's denial of the plaintiff's motions to amend, reasoning that the plaintiff's association of the intended defendant's trade name with the wrong defendant manifested his intent to sue the intended defendant. *Id.* at 629. We concluded that the crucial fact was that the intended defendant received *actual notice* of the suit prior to the expiration of the statute of limitations. *Id.*

We are not persuaded by the plaintiff's reliance upon *Dupuis*. Unlike *Dupuis*, this is not a case of misnomer or mistaken identity. Nor is it a case of service made prior to the expiration of the statute of limitations. Here, the plaintiff failed to name Pike, or any other subcontractor, as a party-defendant in his claim. Furthermore, unlike the defendant in *Dupuis*, Pike did not receive actual notice of this pending suit prior to the expiration of the statute of limitations. While actual receipt of notice will cure technical defects in the manner of delivery, *see Dupuis*, 114 N.H. at

630, no such notice occurred in this instance. Thus, unlike the situation in *Dupuis*, allowing the plaintiff's amendment after the statute of limitations had expired in this case would prejudice Pike.

Moreover, other than the generalized inclusion of "agents, servants or employees of the State," which the plaintiff argues includes subcontractors such as Pike, the plaintiff failed to specifically identify Pike as a defendant. We are aware of no precedent, and the plaintiff provides us with none, to support the plaintiff's contention that a generalized assertion of a class of potential defendants is specific enough to qualify as a named party that can be "clarified" by subsequent amendment after the expiration of the statute of limitations. This position is untenable and would potentially allow plaintiffs to circumvent the applicable statute of limitations by incorporating a broad generalized class of defendants in the original writ, and subsequently "amending" the writ for "clarity" after the statute of limitations had run.

Accordingly, we conclude *Glines* is controlling and affirm the trial court's dismissal of the plaintiff's claim against Pike as untimely.

*Affirmed.*

BRODERICK, C.J., and NADEAU, DALIANIS and DUGGAN, JJ., concurred.