801 F.2d 343
 5 Fed.R.Serv.3d 903
 SUN REFINING AND MARKETING COMPANY, a Pennsylvania
Corporation, Appellant,
v.
GOLDSTEIN OIL CO. and Novelly Oil Co. Missouri Corporations
General Partners of Apex Oil Company, a Missouri
General Partnership, Appellees.
SUN REFINING AND MARKETING COMPANY, a Pennsylvania
Corporation, Appellee,
v.
GOLDSTEIN OIL CO. and Novelly Oil Co. Missouri Corporations
General Partners of Apex Oil Company, a Missouri
General Partnership, Appellants.
 Nos. 85-2245, 85-2304.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 12, 1986.
Decided Sept. 17, 1986.
 
 Dean L. Franklin, St. Louis, Mo., for appellant.
 David G. Dempsey, St. Louis, Mo., for appellees.
 Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and LARSON, Senior District Judge.*
 HENLEY, Senior Circuit Judge.
 
 
 1
 This appeal arises out of three claims asserted by the appellant, Sun Refining and Marketing Company (SRMC) against Goldstein Oil Co. and Novelly Oil Co., general partners of Apex Oil Company (Apex). SRMC appeals the district court's judgment in favor of Apex on SRMC's claim for demurrage, arguing that SRMC was the real party in interest, that Apex waived the real party in interest defense, and that the court should have accepted a ratification of the action obtained from Sun Transport, Inc. Apex appeals from the district court's judgment against it on SRMC's claims for freight charges and for a short payment on a sale of the petroleum product toluene. The facts relevant to these three claims are set out in the district court's opinion, Sun Refining & Marketing Co. v. Goldstein Oil Co., 620 F.Supp. 121 (E.D.Mo.1985), and will not be recited here at length. We affirm in part, reverse in part, and remand to the district court for further proceedings.
 
 
 2
 I. The $75,095.95 Demurrage Claim.
 
 
 3
 On December 12, 1980 Apex entered into an agreement to purchase oil from Sun Petroleum Products Company (SPPC). SPPC was a division of Sun Oil Company of Pennsylvania (SOCP), and SRMC is the successor corporation to SOCP. The agreement was confirmed by an exchange of several telexes. One part of the agreement was that demurrage[1] was to be paid to the owner of the vessel. The vessel in this case was the New Jersey Sun, and the district court found that it was at all relevant times owned by Sun Transport. SRMC and Sun Transport are closely related corporations, although perhaps not closely enough related to be considered the same party.
 
 
 4
 Contending that $75,095.95 in demurrage charges were incurred in delivering the oil, SRMC alleged a claim for that amount as a part of this suit. The district court entered judgment for Apex on the demurrage claim. See id. at 124. SRMC argues that the trial court's decision that it was not the real party in interest was erroneous in fact because Apex waived that defense due to untimely objection on real party in interest grounds, and because SRMC obtained a ratification of its action from Sun Transport within a reasonable time after the real party in interest objection. Apex contends that the court's judgment was based on the fact that SRMC failed to prove that it had been damaged rather than on the real party in interest defense.
 
 
 5
 The basis of the district court's judgment on this claim is not pellucid. The court did state, however, that "plaintiff can still be deemed the real party in interest if it can show that Sun Transport, Inc., the admitted owner of the vessel involved, had either assigned or subrogated its demurrage claim to plaintiff's predecessor." Id. We therefore must assume that the real party in interest defense was a consideration in the court's judgment.
 
 
 6
 Fed.R.Civ.P. 17(a) provides that "[e]very action shall be prosecuted in the name of the real party in interest." We have held that "a real party in interest objection should be raised with 'reasonable promptness' in the trial court proceedings. If not raised in a timely or seasonable fashion, the general rule is that the objection is deemed waived." Chicago & Northwestern Transportation Co. v. Negus-Sweenie, Inc., 549 F.2d 47, 50 (8th Cir.1977) (citations omitted). In Chicago & Northwestern Transportation Co., raising the defense for the first time on appeal was found to be untimely because the trial court was not given the chance to correct any error. See id. In the present case, Apex did not allege that Sun Transport, rather than SRMC, was the real party in interest until after trial. The Tenth Circuit has twice ruled that the real party in interest defense was waived because it was not asserted until very shortly before trial. See Hefley v. Jones, 687 F.2d 1383, 1387-88 (10th Cir.1982); Harris v. Illinois-California Express, Inc., 687 F.2d 1361, 1373-74 (10th Cir.1982). We feel that the real party in interest issue was untimely raised by Apex in this case, and we are therefore inclined to hold that the defense was waived.
 
 
 7
 Moreover, it does not appear that SRMC was given the opportunity to obtain ratification of the action from Sun Transport prior to entry of judgment. Rule 17(a) provides:
 
 
 8
 No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.
 
 
 9
 SRMC obtained ratification from Sun Transport shortly after judgment was entered. SRMC moved to have the case reopened pursuant to Fed.R.Civ.P. 52 and 59 based on the ratification, but the court denied the motion. This case presents the unusual situation where Sun Transport is owed demurrage but SRMC is the only party with the right to enforce the contractual provision. Had Apex asserted the real party in interest defense before conclusion of the evidence, Sun Transport could have been joined as a party or could have ratified the action well before the case was submitted.
 
 
 10
 No apparent prejudice to Apex would have resulted had the district court accepted the ratification. The effect of not accepting the ratification is a forfeiture by Sun Transport of its demurrage claim. Rule 17(a) was designed to avoid such an unjust result. See Chicago & Northwestern Transportation Co., 549 F.2d at 50. We therefore conclude that the court erred in not accepting the ratification obtained by SRMC from Sun Transport.
 
 
 11
 For the above stated reasons, we reverse the judgment in favor of Apex on the demurrage claim and we remand that claim to the district court with instructions to reconsider its judgment. In doing so, the court should accept the ratification obtained by SRMC or join Sun Transport as a party, whichever is deemed necessary for a full adjudication of this claim. The court may also take such further evidence, if any, as it deems necessary for decision on the merits of the claim. We consider and reverse the judgment only on the real party in interest defense. If the district court finds for Apex on other grounds, judgment may be entered accordingly.
 
 
 12
 II. The $8,325.04 Freight Claim and the $40,487.68 Toluene Claim.
 
 
 13
 In the freight claim, SRMC alleged that Apex orally agreed to pay a twenty-three cents per barrel freight charge in connection with the chartering of a vessel to transport approximately 35,000 barrels of gasoline. The freight charge totalled $8,325.04, and Apex refused to pay contending that it did not orally agree to charter the vessel and pay the freight charge. Finding that Apex did agree to pay the freight charge, the district court entered judgment for SRMC. Sun Refining & Marketing Co., 620 F.Supp. at 125.
 
 
 14
 In the toluene claim, SRMC alleged that it contracted to sell a quantity of toluene to Apex. The exact quantity was to be measured by an independent inspector at the shore tanks at the point of loading. At loading, however, the inspector was unable to obtain a measurement from the shore tank. He therefore calculated the quantity of toluene using the measurements of the vessel at the time of loading. Apex made its own quantity measurement at its shore tank at the point of unloading, and the two measurements resulted in a difference of $40,487.68. This resulted in a payment by Apex that was short by that amount. Finding that the original contract term for method of measurement had failed, the district court found that, in the absence of a provision for an alternative method, trade usage allowed for the quantity to be calculated by the inspector using vessel measurements. Id. The court therefore entered judgment for SRMC. Id. at 126.
 
 
 15
 We review the district court's findings of fact under the "clearly erroneous" standard of Fed.R.Civ.P. 52(a), and if the court made a choice between two plausible views of the evidence, its findings cannot be clearly erroneous. Anderson v. City of Bessemer City, 470 U.S. 564, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518 (1985). Having reviewed the briefs and the record, we find no clear error or error of law with respect to either of these two claims. We therefore affirm the judgments in favor of SRMC on the freight and toluene claims based on the opinion of the district court. See Sun Refining & Marketing Co., 620 F.Supp. at 124-26, and 8th Cir. R. 14.
 
 
 16
 III. Conclusion.
 
 
 17
 In conclusion, we affirm the judgments of the district court entered in favor of SRMC on the $8,325.04 freight claim and the $40,487.68 toluene claim. We reverse the judgment entered in favor of Apex on the demurrage claim and we remand that claim to the district court for further proceedings consistent with this opinion.
 
 
 
 *
 The Honorable Earl R. Larson, United States Senior District Judge, District of Minnesota, sitting by designation
 
 
 [1]
 When a party charters a vessel, it is allowed a certain amount of time to unload the vessel. The time allowed is referred to as laytime. After the laytime has expired, the vessel owner is entitled to receive demurrage charges. The purpose of demurrage is to make compensation for delay or detention of a vessel
 Sun Refining & Marketing Co., 620 F.Supp. at 124 (citation omitted).