946 F.2d 895
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Willie B. KNIGHT, deceased Louise Knight, executrix,
Plaintiffs/Appellant.
v.
NEW FARMERS NATIONAL BANK and Lerond Reynolds and Jack
London, Defendants/Appellees.
 No. 90-6071.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1991.
 
 Before NATHANIEL R. JONES and SUHRHEINRICH, Circuit Judges, and TODD, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff Louise Knight, individually and on behalf of her deceased husband, Willie B. Knight ("Knights"), appeals the district court's grant of a new trial and subsequent summary judgment in favor of defendants New Farmers National Bank, Lerond Reynolds, and Jack London (collectively "Bank"). We agree with the district court that the Knights were not the real parties in interest, but we conclude that the district court erred in not allowing substitution of the trustee in this action. We therefore vacate the district court's grant of summary judgment and remand with instructions to allow the plaintiff to substitute the real party in interest.
 
 I.
 
 2
 This case arises out of a series of transactions between the Knights and the Bank. On June 17, 1982, the Bank filed a foreclosure action in the Barren County, Kentucky, Circuit Court seeking to collect two promissory notes allegedly executed by the Knights which were in default. Both notes were secured by an advance clause in the mortgage on the Knights' home in Glasgow, Kentucky. The mortgage was held by the Bank.
 
 
 3
 On March 3, 1983, the Knights filed for Chapter 7 bankruptcy. In their schedule of assets and liabilities, the Knights admitted liability for the mortgage on their home, but denied liability for the two promissory notes. Their schedule of personal property filed with the bankruptcy court listed "None" in response to a question asking for "all contingent and unliquidated claims of every nature, including counterclaims of the debtors."
 
 
 4
 On July 13, 1983, the bankruptcy court discharged the Knights' case, reaffirming most of their debts, but not ruling on the Bank's claims that its debts were valid. The Bank proceeded with its foreclosure suit in state court. The state court found the Knights liable for the two promissory notes. The Bank then foreclosed on the Knights' mortgage and sold their home.
 
 
 5
 The Knights filed suit against the Bank in the United States District Court for the Western District of Kentucky in March 1985, alleging discovery of the Bank's unlawful actions in December 1984. The jury returned a verdict for the Knights.
 
 
 6
 The district court granted the Banks request for a new trial, and subsequently granted the Bank's motion for summary judgment on the basis of this court's decision in In re Cottrell, 876 F.2d 540 (6th Cir.1989). Cottrell holds that all property that a debtor possesses as of the date a bankruptcy petition is filed, including causes of action, automatically becomes property of the bankruptcy estate. The district court determined that the Knights were not the real parties in interest because the causes of action were property of the bankruptcy estate which could only be pursued by the trustee. This appeal followed.
 
 II.
 
 7
 The Knights contend the district court erred by finding that they were not the real parties in interest. The Knights claim that they had no property interest in a cause of action against the Bank when they filed their petition with the Bankruptcy Court because they did not become aware of their cause of action until December 1984. The district court held that the Knights should have been aware of their cause of action against the Bank when they filed their bankruptcy petition on March 3, 1983. We agree. The Bank filed suit in state court on June 17, 1982 to enforce the Knights' obligations under the two notes in default, and the mortgage. The Knights, represented by counsel, answered this complaint and began discovery. If any fraud was involved in these promissory notes, the Knights had a duty to exercise reasonable diligence to discover it. By the time the Knights filed for bankruptcy in 1983, they should have been on notice of a potential cause of action for fraud. Drake v. B.F. Goodrich Co., 782 F.2d 638, 641 (6th Cir.1986).
 
 
 8
 These causes of action were part of the bankruptcy estate, and thus the Knights lack standing to raise them now.[1] Cottrell, 876 F.2d at 543; Bauer v. Commerce Union Bank, 859 F.2d 438, 441 (6th Cir.1988), cert. denied sub nom. Bauer v. Waldschmidt, 489 U.S. 1079 (1989). However, the district court should have allowed the Knights an opportunity to seek ratification by, or substitution of, the bankruptcy trustee. See, e.g., Arabian American Oil Co. v. Scarfone, 713 F.Supp. 1420, 1423 (M.D.Fla.1989) (ratification or joinder is the proper way to resolve real party in interest controversies), aff'd., No. 90-3279, 1991 U.S.App. LEXIS 20176 (11th Cir. Aug. 30, 1991) (per curiam).
 
 III.
 
 9
 Rule 17(a) of the Federal Rules of Civil Procedure provides in pertinent part that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest...." Here the district court did not afford plaintiffs any time to substitute the trustee after determining that the trustee was the real party in interest. We believe the district court should first consider ratification or substitution by the trustee prior to dismissing plaintiffs' case. See Sun Refining and Marketing Co. v. Goldstein Oil Co., 801 F.2d 343, 345 (8th Cir.1986); U-Haul Intern'l., Inc. v. Jartran, Inc., 793 F.2d 1034, 1038-40 (9th Cir.1986). We therefore VACATE the district court's grant of summary judgment and REMAND with instructions to allow ratification or substitution by the trustee.
 
 
 
 *
 The Honorable James D. Todd, District Judge for the Western District of Tennessee, sitting by designation
 
 
 [1]
 Because we agree with the district court that the Knights are not the real parties in interest, we need not determine whether the grant of a new trial was proper or whether summary judgment would be appropriate on the merits. Nor do we express any opinion on the res judicata effect of the prior state court judgment