**Michael CONNEELY and Joanne Conneely, Plaintiffs,**

v.

**BUTTERWORTH JETTING SYSTEMS, INC., Gardner Denver Water Jetting Systems, Inc., Technical Services, Inc., and NLB Corp., Defendants.**

Civ.A. No. 01–11404–RBC[1].

United States District Court,
D. Massachusetts.

Dec. 4, 2003.

---

1. With the parties' consent, on March 18, 2003,     this case was referred and reassigned to the

John J. Cloherty, III, John J. Davis, Pierce, Davis, Fahey & Perritano, LLP, Susan E. Cohen, Joseph P. Crimmins, Posternak, Blankstein & Lund, Mariann Z. Malay, Niarchos, Sullivan, Valentine & Matay, Boston, MA, Richard J. Poliferno, Long and Houlden, for defendants.

Gerald W. Tutor, Corrigan, Johnson & Tutor, Boston, MA, for plaintiffs.

undersigned for all purposes, including trial and the entry of judgment, pursuant to 28 U.S.C.

*MEMORANDUM AND ORDER ON MOTION OF NLB CORP. TO VACATE THE ORDER AMENDING THE COMPLAINT TO ADD NLB CORP. AS A PARTY DEFENDANT AND TO DISMISS THE COMPLAINT AS TO NLB CORP. (# 39)*

COLLINGS, United States Magistrate Judge.

On February 13, 2003, the District Judge to whom this case was then assigned allowed the motion to amend the complaint filed by plaintiffs Michael Conneely and Joanne Conneely. The amendment effected the addition of NLB Corp. as a party defendant. Aggrieved by that decision, NLB Corp. has filed a motion (a) to vacate the Order allowing the complaint to be amended and (b) to dismiss the complaint to the extent that it states claims against it.

The primary thrust of NLB Corp.'s motion is based on Federal law, i.e., that Judge Wolf's Order allowing the filing of an amended complaint should be vacated because the amendment did not comply with the prerequisites of Fed.R.Civ.P. 15(c). The purported failure to comply with Rule 15(c) would mean that the claims against NLB Corp. would not "relate back" to the filing of the original complaint, and if they did not "relate back", the claims against NLB Corp. would be barred because they were not filed within the applicable statute of limitations. If the amendment did "relate back," the claims against NLB Corp. would have been filed within the applicable statute of limitations. Alternatively, NLB Corp. argues that if Massachusetts law is found to apply, Judge Wolf's Order should be vacated because NLB Corp. has suffered prejudice consequent to the plaintiffs' alleged undue delay in adding it as a party.

Because Massachusetts law is more liberal than the federal law with respect to the principle of relation back, in this diversity case Rule 15(c)(1), Fed.R.Civ.P., is controlling. See 3 Moore's Federal Practice, § 15.20[3] (Matthew Bender 3d ed.); 6A

§ 636(c).

Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1503 (2003 Pocket Part). Rule 15(c)(1) provides, in pertinent part:

> (c) *Relation Back of Amendments.* An amendment of a pleading relates back to the date of the original pleading when
>
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action...

Fed.R.Civ.P. 15(c)(1).

The law of the Commonwealth, which is "the law that provides the statute of limitations applicable to the action," provides as follows:

§ 51. Amendments as to parties, process or pleading

> In all civil proceedings, the court may at any time, allow amendments adding a party, discontinuing as to a party or changing the form of the action, and may allow any other amendment in matter of form or substance in any process, pleading or proceeding, which may enable the plaintiff to sustain the action for the cause or for recovery for the injury for which the action was intended to be brought, or enable the defendant to make a legal defense. Any amendment allowed pursuant to this section or pursuant to the Massachusetts Rules of Civil Procedure shall relate to the original pleading.

M.G.L.A. c. 231 § 51.

Discussing this law, the Massachusetts Supreme Judicial Court has written as follows:

> By statute, a judge has discretion to permit amendment of a complaint at any time to add a real party in interest, and the amendment may relate back to the original pleading. See G.L. c. 231, § 51. *See also Strout v. United Shoe Mach. Co.,* 215 Mass. 116, 102 N.E. 312 (1913) (amendment after rescript substituting plaintiff as real party in interest). Such authority is also conferred by rules 15 and 17(a). *See Henderson v. D'Annolfo,* 15 Mass.App.Ct. 413, 428, 446 N.E.2d 103 (1983). *See also Crown Life Ins. Co. v. American Nat'l Bank & Trust Co.,* 830 F.Supp. 1097, 1099–1101 (N.D.Ill.1993), aff'd, 35 F.3d 296 (7th Cir.1994); *Arabian Am. Oil Co. v. Scarfone,* 713 F.Supp. 1420, 1424 (M.D.Fla.1989). Various factors inform a decision to permit amendment and joinder under rules 15 and 17(a). Such factors include (1) whether an honest mistake had been made in selecting the proper party; (2) whether joinder of the real party in interest had been requested within a reasonable time after the mistake was discovered; (3) whether joinder is necessary to avoid an injustice; and (4) whether joinder would prejudice the nonmoving party. See 6A C.A. Wright, A.R. Miller & M.K. Kane, Federal Practice and Procedure § 1555, at 413–414 (2d ed.1990 & Supp. 2000).

*Berman v. Linnane,* 434 Mass. 301, 304, 748 N.E.2d 466, 470 (2001)(footnote omitted).

Consideration of those factors in the context of the facts of the present case plainly weigh in favor of allowing the amendment.

Defendant Butterworth Jetting Systems, Inc. was identified as the manufacturer of the subject hydroblaster in the lease agreement between Technical Services, Inc. and Michael Conneely's employer, Kiewit–Atkinson–Cashman. There was no identification of NLB Corp. by defendants Butterworth Jetting Systems, Inc. or Technical Services, Inc. in either their initial disclosures or the initial discovery. It was not until August 29, 2002, over one year after this action was instituted, that a deponent "guessed" in his testimony that the lance/gun used with the hydroblaster was manufactured by NLB Corp. (# 39 at Exh. 8) Similarly, by letter dated October 11, 2002, the plaintiffs were advised by counsel for defendant Technical Services, Inc. that her client's "best guess" was that the lance/gun was an NLB product. (# 41, Exh. B) About twenty days later, on or about November 1, 2002, plaintiffs' attorney wrote to the President of NLB Corp. to advise him that leave would be sought to amend the complaint to add NLB Corp. as a defendant. (# 39, Exh. 6) The motion to amend the complaint together with the proposed amended complaint were filed shortly thereafter on January 10, 2003.

These facts demonstrate that the failure to name NLB Corp. as a defendant originally was an honest and understandable error, and

that action to rectify that mistake by virtue of the motion to amend was undertaken promptly when the new information was discovered. The joinder of NLB Corp. as a party defendant is necessary to avoid injustice because, as argued by the plaintiffs, absent the amendment the manufacturer and lessor of the hydroblaster, Butterworth Jetting Systems, Inc. and Technical Services, Inc. respectively, would be able to defend by blaming NLB Corp. Lastly, despite NLB Corp.'s assertion to the contrary, it is not prejudiced by being added late. NLB Corp. argues that

> As the substantive allegation against NLB Corp. appears to be that the 'trigger' on the lance attachment was 'sticking' at the time of the incident, NLB Corp. has been irreparably prejudiced by the delay in notice. It cannot, at this point in time, reliably investigate, let alone defend in an appropriate and fair manner, plaintiffs' allegations against it.

Motion of NLB Corp. # 39 at 9.

The plaintiffs, however, disavow any contention

> that a "sticky" trigger was a cause of the accident. Plaintiffs contend that the sticking trigger was a condition not a cause. Plaintiffs contend that all three defendants were negligent in failing to supply a guard for the nozzle, failing to provide an emergency shutoff (which was available but not supplied), and failing to provide adequate warnings and instructions.

Plaintiffs' Opposition # 41 at 5.

Thus, although added late, given the nature of the plaintiffs' allegations, NLB Corp. will suffer no prejudice.[2]

**2.** NLB also benefits from the testing done by Kiewit–Atkinson–Cashman employees the day after the accident when they determined that "[e]verything was O.K., and was working properly." (# 41, Exh. C)

**3.** I agree with counsel for NLB Corp. that plaintiffs' counsel failed utterly to comply with L.R. 15.1(B) which required counsel for plaintiffs to "serve…the motion to amend upon the proposed new party at least ten (10) days in advance of filing the motion, together with a separate document stating the date on which the motion will be filed." However, in the circumstances of

For the reasons stated, it is ORDERED that the Motion of NLB Corp. to Vacate the Order Amending the Complaint to Add NLB Corp. as a Party Defendant and to Dismiss the Complaint as to NLB Corp. (# 39) be, and the same hereby is, DENIED.[3] In so ruling, I exercise that discretion afforded me as trial judge under Massachusetts law.

this case, I find the failure to have been harmless. If plaintiffs had complied with L.R. 15.1(B), counsel for NLB Corp. would have made the same arguments it makes in the instant motion in an opposition to the motion to amend, and upon a review of the law cited, supra, the Court would have made the same ruling it made on February 13, 2003 and which it makes today. Plaintiffs' counsel is, however, admonished to comply with L.R. 15.1(B) in the future or face the consequences which might be altogether different in a different setting.