**ONE BEACON INSURANCE COMPANY and Commerce Insurance Company, Plaintiffs,**

v.

**ELECTROLUX and Sears Roebuck and Company, Defendants,**

v.

**Edward C. Roman, Individually and as Trustee of the Roman Realty Trust, Third Party Defendant.**

**No. CIV.A. 03–12232–MBB.**

United States District Court, D. Massachusetts.

July 26, 2004.

---

Stephen Adams, Taylor, Duane, Barton & Gilman, Boston, MA, for Sears Roebuck and Co., Defendant.

James E. Grumbach, Rothenberg, Estner, Orsi, Arone & Grumbach, LLP, Wellesley, MA, for Kathleen Ciccone Donovan, Lynn Turgeon, Movants.

Lisa J Gurecki, Joseph D. Regan, Kelly R. Spencer, Regan & Spencer, LLP, Lowell, MA, for Electrolux, Sears Roebuck and Co., Defendants.

Allan E. Levin, David C. Levin, Levin & Levin, Quincy, MA, for Edward C. Roman, Third–Party Defendant.

Gareth W. Notis, Morrison Mahoney LLP, Boston, MA, for Commerce Insurance Company, One Beacon Insurance Company, Plaintiffs.

### MEMORANDUM AND ORDER RE: MOTION BY NON–PARTIES KATHLEEN CICCONE DONOVAN AND LYNN TURGEON TO INTERVENE, AMEND COMPLAINT TO ADD PLAINTIFFS, AND TO ADD COUNTS IX–XVI

#### (DOCKET ENTRY # 29)

BOWLER, United States Chief Magistrate Judge.

Kathleen Ciccone Donovan ("Donovan") and Lynn Turgeon ("Turgeon"), non-parties

to this action, move to intervene and to amend the complaint to add them as plaintiffs and to add counts for negligence, breach of implied warranty and breach of a contract to repair a clothes dryer against existing defendants Electrolux ("Electrolux") and Sears Roebuck and Company ("Sears") (collectively: "defendants"). (Docket Entry ## 29 & 34). Defendants oppose the motion on the basis of untimeliness and submit that Donovan and Turgeon cannot avail themselves of the relation back doctrine embodied in Rule 15(c), Fed.R.Civ.P. ("Rule 15(c)"). (Docket Entry ## 32 & 35). After conducting a hearing, this court took the motion to intervene and amend (Docket Entry # 29) under advisement.

## BACKGROUND [1]

This case arises out of a fire at a two family dwelling in Needham, Massachusetts. Donovan occupied the upper unit with her former husband and their children. Donovan's former husband, individually and/or together with Donovan, had a tenant's insurance policy with plaintiff Commerce Insurance Company ("Commerce") in the amount of $16,000.

Turgeon also occupied a unit at the dwelling as did Lynn Huelsman. Third party defendant Edward C. Roman ("Roman"), individually and as Trustee of the Roman Realty Trust, owned the building. Plaintiff One Beacon Insurance Company ("One Beacon") provided insurance coverage to Roman for the premises.

A fire took place at the dwelling on November 1, 2000. As a result of the fire, Roman made a claim with One Beacon which it paid in the amount of $105,700.27. Donovan's former husband, individually or together with Donovan, made a claim with Commerce. As a result, Commerce paid the claim in the amount of the $16,000 policy minus a $250 deductible. Turgeon experienced an uninsured loss of personal property amounting to approximately $35,000.

In March 2000, prior to the fire, Donovan contracted with defendant Sears Roebuck and Company ("Sears") to service and repair a clothes dryer located in the basement of the dwelling. In March 2000, representatives of Sears serviced the dryer and, in particular, installed a drum, a seal and/or felt glides. Electrolux manufactured the dryer. Commerce and One Beacon's expert purportedly opines that a defect in the dryer caused the fire.

Commerce and One Beacon originally filed this action in state court on October 1, 2003. Sears thereafter filed a notice of removal to the United States District Court for the District of Massachusetts based on diversity jurisdiction.

As set forth in the proposed amended complaint, Donovan alleges that Sears breached the contract to repair and service the dryer by negligently and carelessly performing the repairs. (Count XII). Donovan and Turgeon additionally bring negligence claims against Sears and Electrolux. (Counts IX, XI, XIII & XV). They also submit that Electrolux breached the implied warranty of merchantability based upon the dryer's unsafe and defective condition. (Counts X & XIV). Turgeon further contends that Sears breached the implied warranty of merchantability because of the dryer's dangerous and unsafe condition. (Count XVI).

## DISCUSSION

 The foregoing allegations fall comfortably within the parameters of having the necessary common questions of law or fact necessary to allow permissive intervention under Rule 24(b), Fed.R.Civ.P. Donovan's and Turgeon's interests are not adequately protected and intervention will not result in any undue delay or prejudice to the existing parties. *See In Re Thompson*, 965 F.2d 1136, 1142 n. 10 (1st Cir.1992); *see also Daggett v. Commission on Governmental Ethics*, 172 F.3d 104, 112–113 (1st Cir.1999).

 The motion to intervene, filed relatively promptly after Donovan and Turgeon

---

1. Facts taken from the proposed amended complaint, which incorporates certain paragraphs of the original complaint, are treated as true for purposes of the present motion. As explained below, defendants challenge the proposed amendment on the basis of futility which, in turn, is gauged by reference to Rule 12(b)(6), Fed. R.Civ.P.

received actual notice of the suit through deposition subpoenas, is also timely. Intervention would not cause further delay and this action is in a nascent stage. *See NAACP v. New York,* 413 U.S. 345, 366–368, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973). Moreover, according to Donovan and Turgeon, Commerce and/or One Beacon informed them that they were investigating the cause of the fire and that they would give Donovan and Turgeon access to information and a right to join in any subrogation action. *See, e.g., United States v. Alcan Aluminum, Inc.,* 25 F.3d 1174, 1182 (3rd Cir.1994).

Although intervention is allowable under Rule 24(b), Fed.R.Civ.P., Donovan and Turgeon also move to amend the complaint under Rule 15 to add the foregoing causes of action. In defense to defendants' untimeliness argument, they rely upon Rule 15(c) and the discovery rule. A three year statute of limitations applies to the tort claims.[2] *See* Mass. Gen. L. ch. 260, § 2A. By asserting that the claims are untimely, defendants essentially contend that the claims are futile under Rule 15.

 Leave to amend under Rule 15 " 'is freely given when justice so requires' " absent an adequate basis to deny amendment such as futility, bad faith, undue delay or a dilatory motive. *Maine State Building and Construction Trades Council, AFLCIO v. United States Department of Labor,* 359 F.3d 14, 19 (1st Cir.2004); *Glassman v. Computervision Corp.,* 90 F.3d 617, 622 (1st Cir.1996). Futility of a proposed amendment "is gauged by reference to the liberal criteria of Federal Rule of Civil Procedure 12(b)(6)." *Hatch v. Department for Children, Youth and Their Families,* 274 F.3d 12, 19 (1st Cir.2001). In such circumstances, "amendment is not deemed futile as long as the proposed amended complaint sets forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory." *Hatch v. Department for Children, Youth and Their Families,* 274 F.3d at 19. To state the obvious, untimely amendments are futile.

 Donovan and Turgeon filed the motion to amend with the proposed amended complaint on June 7, 2004, more than three years after the November 1, 2000 fire. Rule 15(c), however, provides a basis for the proposed amendment to relate back to the October 2003 date of the filing of the original complaint. While there is little indication that Turgeon or Donovan made a mistake regarding the identity of Electrolux or Sears within the meaning of Rule 15(c)(3), *see Leonard v. Parry,* 219 F.3d 25, 28 (1st Cir. 2000);[3] *Wilson v. United States,* 23 F.3d 559, 563 (1st Cir.1994), Rule 15(c)(1) expressly provides that an amendment of a pleading relates back to the date of the original pleading when "relation back is permitted by the law that provides the statute of limitations applicable to the action." Subsection (c)(1) is phrased in the disjunctive to subsection (c)(3). As explained in Wright and Miller, Rule 15(c) was amended in 1991 "to clarify that relation back may be permitted even if it does not meet the standards of the federal rule if it would be permitted under the applicable limitations law." 6A Charles Alan Wright, Arthur R. Miller and Mary Kay Kane *Federal Practice and Procedure* § 1503 (1990) (2004 pocket part); *see Conneely v. Butterworth Jetting Systems,* 219 F.R.D. 25, 26 (D.Mass.2003) ("[b]ecause Massachusetts law is more liberal than the federal law with respect to the principle of relation back, in this diversity case Rule 15(c)(1) ... is controlling"); *see, e.g., Sigros v. Walt Disney World, Co.,* 190 F.Supp.2d 165, 167 (D.Mass.2002) (by virtue of Rule 15(c)(1), court applies relation back rules of the state that provides the statute of limitations).

---

2. The three year tort period applies to both the negligence and implied warranty counts against defendants. *See Anthony's Pier Four, Inc. v. Crandall Dry Dock Engineers, Inc.,* 396 Mass. 818, 489 N.E.2d 172, 175 (1986).

3. The First Circuit in *Leonard* did not mention or address Rule 15(c)(1). Although based on diversity jurisdiction, the underlying facts dictated application of New Hampshire as opposed to Massachusetts law. New Hampshire's relation back law is less forgiving than Massachusetts' relation back law. Indeed, other than to correct a misdescription of a party, New Hampshire state law does not allow a substitution of a new party as a means to avoid the statute of limitations. *See Dupuis v. Smith Properties, Inc.,* 114 N.H. 625, 325 A.2d 781, 782–783 (1974) (citing *Lewis v. Hines,* 81 N.H. 24, 120 A. 728, 730 (1923)).

Where there is no applicable state law, such as in federal question cases wherein federal law supplies the relevant statute of limitations, Rule 15(c)(3) applies. *See, e.g., Young v. Lepone,* 305 F.3d 1 (1st Cir.2002).[4]

Subsection (c)(1) also corresponds to First Circuit conflicts law prior to the 1991 amendment to Rule 15(c). That law dictated the application of Massachusetts substantive relation back law in a diversity action in the face of a conflict with the federal rule contained in then Rule 15(c). *Marshall v. Mulrenin,* 508 F.2d 39 (1st Cir.1974) (Massachusetts relation back law, characterized as substantive, took precedence over conflict with Fed.R.Civ.P. 15(c)). In particular, the First Circuit in *Marshall* allowed a change in defendants to relate back after the Massachusetts statute of limitations for personal injury had run.[5] Furthermore, *Marshall* "remains good law" after the 1991 amendments. *See Pessotti v. Eagle Manufacturing Company,* 946 F.2d 974, 980 n. 6 (1st Cir.1991).

 Turning to Massachusetts law, Rule 15(c), Mass. R. Civ. P., provides as follows:

(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment *(including an amendment changing a party)* relates back to the original pleading.

Mass. R. Civ. P. 15(c) (emphasis added). Massachusetts thus "employs a liberal relation back rule that permits new parties to be added to an ongoing case even after the expiration of the limitations." *Curley v. North American Man Boy Love Association,* 2003 WL 21696547 at * 2 (D.Mass. March 31, 2003); *see* Mass. R. Civ. P. 15(c), Reporter's Notes–1973 ("Massachusetts is more liberal than Federal Rule 15(c)"). There is also "no substantial difference" under Massachusetts law between the substitution of a defendant

and the addition of a defendant with respect to the relation back doctrine. *See Curley v. North American Man Boy Love Association,* 2003 WL 21696547 at * 2 (D.Mass. March 31, 2003); Mass. R. Civ. P. 15(c), Reporter's Notes–1973 ("no difference in principle between permitting a plaintiff to substitute a defendant and permitting a plaintiff to add a defendant"). Moreover, there is no reason to believe that Massachusetts would not apply these principles by analogy to the addition of a new plaintiff. *See generally* 6A Charles Alan Wright, Arthur R. Miller and Mary Kay Kane *Federal Practice and Procedure* § 1501 (1990) (noting, albeit in context of the federal rule, that the approach adopted toward amendments affecting defendants in Rule 15(c) extends by analogy to plaintiffs).

■ Applying Massachusetts law, Turgeon's and Donovan's claims against Electrolux and Sears arose out of the occurrence which is the subject matter of the original complaint. Electrolux and Sears received notice of the claims well before the expiration of the limitations period. Defendants will not be prejudiced and any delay is excused. Having considered these and other factors governing relation back, *see Pessotti v. Eagle Manufacturing Company,* 946 F.2d at 980 (court must consider factors that would counsel against relation back in deciding whether to allow amendment); *Wonson v. Ralph Leonard Associates, Inc.,* 1992 WL 87350 at *3–*4 (Mass.App.Div. April 21, 1992), relation back is appropriate. This resolution of the motion obviates the need to address the application of the discovery rule.

*CONCLUSION*

In accordance with the foregoing discussion, the motion to intervene and amend (Docket Entry # 29) is **ALLOWED.**

---

4. The First Circuit in *Young* "flatly reject[ed] the proposition that relation back is available merely because a new plaintiff's claims arise from the same transaction or occurrence as the original plaintiff's claims." *Young v. Lepone,* 305 F.3d at 15.

5. "[A] leading treatise," *Leonard v. Parry,* 219 F.3d at 30 n. 5, discusses the *Marshall* decision and notes that the First Circuit applies state law where the state law would permit relation back and Rule 15(c) would appear to bar relation back. 6A Charles Alan Wright, Arthur R. Miller and Mary Kay Kane *Federal Practice and Procedure* § 1503 at 174–175 (1990).