**TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA as subrogee of WT Associates, LLC and Wiles Passage Condominium Trust, Plaintiff,**

v.

**NOVEON, INC., Detrex Corporation, Inc., and Harvel Plastics, Inc., Defendants and Third–Party Plaintiffs,**

v.

**Suffolk Construction Company, Inc., Superior Fire Protection Installation Company, L.L.C., Lori and Michael Uszakiewicz d/b/a Superior Fire Protection Installation Company, L.L.C.**

**Civil Action No. 06–11322–MLW.**

United States District Court, D. Massachusetts.

Feb. 13, 2008.

---

Sally A. Vander Weele, Law Offices of Thomas M. Niarchos, Boston, MA, for Plaintiff.

Mark R. Freitas, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, Boston, MA, for Defendants.

## MEMORANDUM AND ORDER

MARK L. WOLF, District Judge.

The court has received the attached Magistrate Judge's Report and Recommendation on the plaintiff's Motion to Amend Complaint. There were no objections to the Report and Recommendation filed within the period provided by Federal Rule of Civil Procedure 72(b). The court finds the Magistrate Judge's Report and Recommendation to be thorough, thoughtful and persuasive.

Accordingly, it is hereby ORDERED that:

1. The attached Report and Recommendation (Docket No. 72) is ADOPTED by the court and INCORPORATED in this Memorandum pursuant to 28 U.S.C. § 636(b)(1).

2. For the reasons stated in the Report and Recommendation, the plaintiff's Motion to Amend Complaint (Docket No. 57) is ALLOWED.

3. For the reasons stated in the Report and Recommendation and agreed to by the parties, this case is REMANDED to state court because the Amended Complaint includes claims by the plaintiff against the third-party defendants that defeat diversity jurisdiction.

## ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT (Docket # 57) and RECOMMENDATION OF REMAND TO STATE COURT

JOYCE LONDON ALEXANDER, United States Magistrate Judge.

At the outset, the only motion before this Court is Plaintiff's Motion to Amend Complaint. After hearing and receipt of supplemental briefs from the parties, all concur that should this Court allow Plaintiff's motion, diversity jurisdiction fails, necessitating the remand of this case to State Court. For the reasons detailed below, this Court ALLOWS Plaintiff's Motion to Amend Complaint and, accordingly, RECOMMENDS that the case be remanded to State Court.

Plaintiff, Travelers Property Casualty Company of America, as subrogee[1] of WT Associates, LLC and Wilkes Passage Condominium Trust, ("Travelers"), filed suit in Suffolk County Superior Court on June 21, 2006 against Defendants, Noveon, Inc., Detrex Corporation, Inc., and Harvel Plastics, Inc. (collectively, "Noveon"). On August 1, 2006, the case was removed to federal court based on diversity jurisdiction[2] and assigned to Chief Judge Mark Wolf. On August 21, 2006, Noveon filed its Third–Party Complaint against Suffolk Construction Company Inc., Superior Fire Protection Installation Company, Superior Fire Protection, Inc., Lori and Michael Uszakiewicz d/b/a Superior Fire Protection Installation Company, L.L.C. (collectively, "Suffolk Defendants").[3] On February 20, 2007 this case was referred to this Court for full pretrial case management, including all dispositive motions. Travelers filed the instant motion to amend the Complaint on

---

1. WT Associates, LLC is a Massachusetts corporation with its principle place of business in Massachusetts. Wilkes Passage Condominium Trust is organized in Massachusetts and all its trustees and beneficiaries are within Massachusetts. In that Travelers is subrogee to these entities, Travelers is the real party in interest, thus only Travelers' status must satisfy diversity jurisdiction. See St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply, Inc., 409 F.3d 73, 81–82 (2d Cir.2005).

2. Travelers is a Connecticut corporation with its principle place of business in Connecticut. Defendant, Noveon, Inc., is a Delaware corporation with its principle place of business in Ohio. Defendant, Detrex Corporation, Inc., is a Michigan corporation with its principle place of business in Michigan. Defendant, Harvel Plastics, Inc., is a Pennsylvania corporation with a principle place of business in Pennsylvania.

3. Suffolk Construction Company, Inc. is a Massachusetts corporation with a principle place of business is Massachusetts. Superior Fire Protection, Inc. and Superior Fire Protection Installation Company are Connecticut corporations, each with a principle place of business in Connecticut. Lori and Michael Uszkiewicz are individuals who reside in Connecticut.

June 29, 2007 to include direct claims against the Suffolk Defendants, among others.[4]

At issue in the underlying litigation is the failure of a Harvel Blaze Master® sprinkler pipe (the "Pipe") in June 2003, and the water damage that occurred throughout Wilkes Passage Loft condominiums as a result of this failure. Twenty-two of the condominium units and the common area of the lofts were damaged. Travelers avers that Noveon knowingly and negligently manufactured the Pipe and that such negligence caused the Pipe to break. Travelers further avers that Noveon sold the Pipe without proper instructions or warnings, rendering the Pipe dangerous.

Noveon asserts third-party claims against the Suffolk Defendants for contribution and common law indemnification. Noveon alleges that any damages sustained were the direct and proximate result of product misuse and improper installation on the part of the Suffolk Defendants. Noveon further avers that the Pipe's failure occurred as a result of its exposure to an incompatible chemical substance that was introduced by the Suffolk Defendants after Noveon no longer had control of the Pipe.

The pending motion to amend has created an issue as to this Court's jurisdiction over this case. Thus, during the July 25, 2007 status conference, this Court ordered the parties to brief the issue, which they did. Simply, if the motion to amend is allowed, all parties agree that this Court's basis for jurisdiction, diversity of citizenship, will no longer exist.[5]

■ Rule 15 of the Federal Rules of Civil Procedure governs amendment of pleadings. Rule 15 reads, in relevant part, that, "[A] party may amend the party's pleading only by leave of court or by written consent of the adverse party; and *leave shall be freely giv-*en *when justice so requires.*" Fed.R.Civ.P. 15 (emphasis added). The standard for amending a complaint to add parties is a liberal one. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The First Circuit standard, laid out in *Acosta–Mestre v. Hilton Int'l,* 156 F.3d 49, 51 (1st Cir.1998) is that amendments should be allowed except when the proposed amendment would cause undue delay or unfair prejudice to the opposing party.

■ Further, 28 U.S.C. § 1447(e) states "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court." *See, e.g., Kelley v. Vermont Mut. Ins. Co.,* 407 F.Supp.2d 301 (D.Mass.2005) (allowing plaintiff's motion to amend and remanding to State Court). Further, this Court "does not have the option to permit joinder of a nondiverse defendant and retain its jurisdiction over the case once diversity has been destroyed." *Id.* at 305; *see also Casas Office Machines, Inc. v. Mita Copystar Am., Inc.,* 42 F.3d 668, 675 (1st Cir.1994).

Plaintiff moves to amend because, through informal discovery, it recently learned the identity of the distributor of the sprinkler pipe that broke (The Viking Corporation and Supply Network, Inc.) and received new information to support direct claims against the Suffolk Defendants. Briefly, Plaintiff avers that the Suffolk Defendants withheld information demonstrating their involvement in the underlying property damage claim. The specific allegation is that through information disclosed by other defendants, Plaintiff learned that the Suffolk Defendants were aware of problems with the sprinkler system, including a prior pipe failure, and failed to

---

**4.** Travelers also seeks to add claims against Supply Network, Inc. d/b/a Viking Supply Net and its parent corporation, The Viking Corporation.

**5.** Travelers is a Connecticut corporation with its principle place of business in Connecticut. Third–Party Defendant, and proposed Defendants, Superior Fire Protection, Inc., Superior Fire Protection Installation Company, and Lori and Michael Uszakiewicz are also Connecticut corporations/residents with principle places of business/residence in Connecticut. If the Complaint is amended to include any of these parties as direct defendants, diversity jurisdiction is destroyed. *See Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978) ("That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff.") (emphasis in original).

locate and replace those contaminated areas before the loss.

The Suffolk Defendants oppose on the grounds that to allow the motion to amend would cause them undue prejudice because: (1) counsel was advised by Plaintiff's counsel that Plaintiff would not file suit against the Suffolk Defendants; (2) counsel has been defending this case as a third-party action and changing their status would "immeasurably change the defense strategy of counsel;" (3) the claims added fall outside of the applicable statute of limitations and the claims do not relate back to the original complaint; and (4) that the motion is not properly before the Court as counsel did not confer before filing pursuant to Local Rule 7.1(A)(2).

■ This Court takes the Suffolk Defendants' arguments in turn. First, when there has been a delay in filing a motion to amend a complaint, the burden rests on the moving party to show a "valid reason for his ... delay." *Stepanischen v. Merchants Despatch Transp. Corp.*, 722 F.2d 922, 933 (1st Cir.1983) (quoting *Freeman v. Cont'l Gin Co.*, 381 F.2d 459, 469 (5th Cir.1967)). Plaintiffs sufficiently demonstrated that discovery led to new information that revealed the necessity in bringing suit against the Suffolk Defendants and others. Further, with regard to the Suffolk Defendants, any delay is not prejudicial in that it is undisputed that the Suffolk Defendants were put on notice of the Plaintiff's desire to sue at least as of the end of 2005. The fact that Plaintiff's counsel agreed at one point to withdraw claims not yet memorialized in a lawsuit is immaterial. *See, e.g., Smithers–Oasis Co. v. Clifford Sales & Mktg.*, 194 F.Supp.2d 685, 687 (N.D.Ohio 2002) (counsel may not rely on representations made by opposing counsel that a lawsuit will not be filed at a time certain).

Second, the Suffolk Defendants' contention that prejudice would accrue because of the necessity to change from defending this lawsuit as third-party defendants to direct defendants is a *non sequitur. See, e.g., Casey v. U.S.*, 635 F.Supp. 221, 227 (D.Mass.1986) (third-party defendant is not prejudiced by plaintiff's amendment to the complaint to add direct claims against it when third-party defense has been the same as what would be a direct defense).

■ Third, the Suffolk Defendants posit that Plaintiff's new claims do not relate back, such as to comply with the applicable statute of limitations. M.G.L. c. 260 § 2A provides a three year statute of limitations for this type of action. Thus, say the Suffolk Defendants, while the original Complaint was filed within the limitations period, the proposed direct claims against the Suffolk Defendants do not relate back to the date of the original Complaint because they concern events that did not arise out of the same conduct, transaction, or occurrence. This argument is not persuasive.

Initially, in a diversity case, such as this, this Court looks to Massachusetts' rules of procedure, not Fed.R.Civ.P. 15(c). *See generally, One Beacon Ins. Co. v. Electrolux*, 223 F.R.D. 21 (D.Mass.2004). As such, Massachusetts Rule of Civil Procedure 15(c) governs. Massachusetts Rule 15(c) is, in fact, more liberal than its federal counterpart, permitting a cause of action to relate back "whenever the claim or defense asserted ... arose out of the conduct transaction, or occurrence set forth or attempted to be set forth in the original pleading. . . ."

Plaintiff's allege that the Suffolk Defendants have and continue to withhold information from Plaintiffs such that the Suffolk Defendants were aware of problems with the subject sprinkler system as early as May 2002. Further, that the Suffolk Defendants were warned of possible additional failures in areas where the Pipe may have been contaminated and did nothing to rectify the situation. Clearly, these allegations arise out of the same conduct, transaction or occurrence as set forth or attempted to be set forth in the original complaint as contemplated by Mass. Rule 15(c).

■ Fourth, and finally, the Suffolk Defendants contend that the motion is not properly before the Court as counsel did not confer before filing pursuant to Local Rule 7.1(A)(2). While this Court does not take the Local Rules lightly, in certain circumstances, here, the spirit of the Rule is satisfied, in that the Suffolk Defendants clearly had no-

tice of potential direct claims against them from Plaintiffs. *See Abbott v. Rabe,* No. Civ. A. 04–10777, 2005 WL 1000258, at *4 n. 6 (D.Mass. Mar.3, 2005). Further, as third-party defendants, the Suffolk Defendants were well apprised of the status of the litigation and have been constantly undertaking their defense of claims already asserted in the litigation. As such, while this Court admonishes the parties to always comply with the Local Rules, and does not condone failure to do so by this ruling, under the unique circumstances of this case, Plaintiff's failure to comply with Local Rule 7.1(A)(2) is not prejudicial and will not be a bar to the success of this motion. *See, e.g., Gerakaris v. Champagne,* 913 F.Supp. 646, 651 (D.Mass.1996) (under the circumstances of the case, failure to comply with Local Rule 7.1(A)(2) does not warrant the extreme sanction of summarily denying the motion).

Accordingly, Plaintiff's Motion to Amend Complaint is hereby ALLOWED. As such, this Court FINDS that diversity jurisdiction is now broken and, accordingly, RECOMMENDS that this case be remanded to State Court.

SO ORDERED

Dated Sept. 12, 2007.